GEORGE C. RABENS, Plaintiff-Appellant, *v.* JACKSON PARK HOSPITAL FOUNDATION *et al.*, Defendants-Appellees.

First District (5th Division)    No. 62932

Opinion filed June 25, 1976.

Marvin Glassman and S. Joseph Formusa, both of Chicago (George C. Rabens, of counsel, *pro se*), for appellant.

Hoffman & Davis, of Chicago (Sol A. Hoffman, Maurice L. Davis, and Alvin L. Kruse, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the dismissal of plaintiff's second amended complaint against a hospital and certain of its supervising personnel arising out of a dispute concerning the alleged refusal of defendants to furnish plaintiff a copy of his hospital bill without charge or to permit him to examine a copy from the hospital record. At issue is the question of whether the complaint sufficiently states a cause of action in any of its six counts.

Plaintiff, a practicing lawyer in Chicago, was a patient in defendant hospital for two days in December of 1974. At that time he was insured under various hospitalization and disability policies of insurance and was covered as well by Medicare. Following his release, he requested a copy of his bill but was informed that there would be a $5 charge. In a letter to the hospital administrator, defendant Condon, he stated his objection to the charge and received an answering letter from the hospital controller, defendant Saveriano, informing him that he was entitled to one itemized bill without charge and that his was sent to Medicare, but another would be sent upon receipt of $5. Thereafter, plaintiff, on the letterhead of the law firm of which he is a member, made a demand on the hospital to permit the examination and copying of his hospital records. The letter also stated as follows:

> "You are hereby requested and demand is hereby made upon you to specify a reasonable time and place for the examination of the said records and to forthwith inform the undersigned thereof with particularity.
>
> This demand is made upon you pursuant to the provisions of the statutes of the State of Illinois (Ill. Ann. Stats., Ch. 51, Sec. 71)."

Subsequent thereto, plaintiff received a letter from the hospital medical record librarian stating that an abstract of his case history would be furnished upon receipt of a $5 fee. Plaintiff then paid $5 and received a copy of his hospital bill. He apparently did not further attempt to examine or obtain copies of the hospital record, but instead brought this action.

All six counts of the complaint sought compensatory damages for monetary expense and for "severe mental and emotional anguish, distress and pain * * * ." Counts II, IV and VI also asked for punitive damages. The trial court struck the second amended complaint and dismissed the

suit on the ground that it failed to state a cause of action, and plaintiff appeals from that order.

OPINION

It is appropriate, initially, to discuss the alleged claim for damages in all six counts for the infliction of severe emotional distress which, in Counts I and II, is asserted to have been the result of defendants' failure to furnish a copy of the hospital bill without charge and, in Counts III to VI inclusive is alleged as a result of defendants' failure to produce the hospital record for examination and copying.

■■ *Knierim v. Izzo,* 22 Ill. 2d 73, 174 N.E.2d 157, was the first case in Illinois to recognize a right of action for the tort of intentional infliction of severe emotional distress. In that case, defendant told plaintiff he was going to kill her husband and then did so. The supreme court reversed the dismissal of a count seeking a recovery for mental anguish and nervous exhaustion, holding that the complaint did state a cause of action for intentional infliction of severe emotional distress. However, the court stated limitations of this tort as follows:

> "It has not been suggested that every emotional upset should constitute the basis of an action. Indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts, and the law should aim to toughen the psyche of the citizen rather than pamper it. But a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility.

> ❋ ❋ ❋

> ❋ ❋ ❋ '[T]he determination of whether words or conduct are actionable in character is to be made on an objective rather than subjective standard, from common acceptation. The unwarranted intrusion must be calculated to cause *"severe emotional distress"* to *a person of ordinary sensibilities,* in the absence of special knowledge or notice. There is no inclination to include all instances of mere vulgarities, obviously intended as meaningless abusive expressions.' " (Emphasis added.) (22 Ill. 2d 73, 85-86.)

Here, we believe it clear that neither the small charge of $5 for a copy of the hospital bill nor the alleged refusal of defendant to produce plaintiff's record for examination and copying, when viewed objectively, could be calculated "to cause 'severe emotional distress' to a person of ordinary sensibilities." We conclude, therefore, that the allegations of the complaint as to "severe mental and emotional anguish, distress and pain, ❋ ❋ ❋ " are not actionable in character within the meaning of *Knierim* and

do not state a cause of action for the tort of intentional infliction of mental distress.

There remains then only the issue of whether plaintiff has sufficiently stated any other cause of action in the dismissed complaint. In this regard, we note that in Counts I and II, he alleged that the hospital had a common law duty to furnish him a copy of a bill without charge. As a basis for this contention, he cites *Cannell v. Medical & Surgical Clinic*, 21 Ill. App. 3d 383, 315 N.E.2d 278.

■■ We believe that *Cannell* does not support his contention. That court, while recognizing that confidentiality requires physicians and hospitals to protect their patients' medical information from extrajudicial exposure, held that the "fiducial quality" of their relationship requires the disclosure upon request of medical data to a patient or his agent. It appears to us that while *Cannell* mandates a disclosure of information, it does not compel that such information be given without charge. Plaintiff has cited no other authority for this alleged common law duty, and we have found none. Thus, we are of the opinion that there was no such requirement at common law.

In view of the foregoing, we are of the opinion that the court properly dismissed Counts I and II of plaintiff's second amended complaint.

In the remaining four counts, plaintiff purports to allege breaches of a duty to produce his hospital record for examination and copying. A common law duty is asserted in Counts III and IV and a statutory duty alleged in Counts V and VI. Compensatory damages are sought in each of these four counts and punitive damages also in Counts IV and VI.

As we have stated heretofore, *Cannell* is authority for the common law duty of a hospital to disclose, upon request, medical data to a patient or his agent. Here, in Counts III and IV, plaintiff alleged a demand that his records be produced for examination and copying and that he was damaged because of the refusal of defendants to do so. In light of *Cannell,* we believe that those allegations sufficiently stated a cause of action for breach of duty to furnish the hospital records.

In Counts V and VI, defendant alleged the breach of the statutory requirement of section 1 of "An Act relating to the inspection of hospital records" (Ill. Rev. Stat. 1973, ch. 51, par. 71). That statute provides in pertinent part that:

> "Every private and public hospital shall, upon the demand of any patient who has been treated in such hospital and after his discharge therefrom, permit his physician or authorized attorney to examine the hospital records, including but not limited to the history, bedside notes, charts, pictures and plates, kept in connection with the treatment of such patient, and permit copies

of such records to be made by his physician or authorized attorney."[1]

In Counts V and VI, plaintiff set forth the pertinent portion of the statute, then alleged a demand for the production of his hospital record and a refusal of the hospital to produce it. He also incorporated, by reference, a letter to the hospital administrator which was attached to the complaint, in which he made a demand under the statute to allow his physician and his attorneys to examine a copy of the record and also requested the administrator "to specify a reasonable time and place for the examination of the said records * * *." It is also alleged in the complaint that defendants have persisted in rejecting his demand for access to the records for examination and copying.

■■ In light thereof, we believe plaintiff adequately stated a cause of action in Counts V and VI for violation of the statutory duty to permit examination and copying of plaintiff's hospital records. We cannot accept defendants' statement that a violation of section 1 was not stated because "there is no allegation that either the attorney or physician ever came to make an examination, much less that defendants refused to permit them to do so." The statute requires the hospital, upon demand, to permit a patient's physician or attorney to examine and copy the records, and we do not believe that the statute was intended to require the physican or attorney to physically appear at the hospital and be refused access to the records before there is a violation of the statute by the hospital. We think it is sufficient to allege a demand under the statute and a refusal by the hospital to comply with the demand, as the plaintiff did here.

Summarizing, we affirm the dismissal by the trial court of Counts I and II, but we reverse the dismissal of Counts III to VI, inclusive. We have affirmed the implicit holding of the trial court that plaintiff did not state a cause of action in any of the six counts of the second amended complaint for damages because of the intentional infliction of severe emotional distress. We remand this case for further proceedings as to Counts III to VI, inclusive, consistent with this opinion.

Affirmed in part, reversed in part and remanded for further proceedings.

· LORENZ, P. J., and BARRETT, J., concur.

---

[1] There is a further provision in the statute which excepts records relating to psychiatric care or treatment which is not involved here.