Gary THURMAN, Appellant,

v.

Zatie CRAWFORD and St. Louis University Hospital, Respondents.

No. 46158.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 3, 1983.

Newman & Bronson, St. Louis, for appellant.

William L. Davis, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Appellant, Gary Thurman, appeals from the trial court's order sustaining respondents', Zatie Crawford and St. Louis University Hospital, motion for summary judgment. We affirm.

Appellant received medical treatment at St. Louis University Hospital, commonly known as Firmin Desloge Hospital, for injuries sustained in an automobile accident. In preparation of his claim for damages arising out of the automobile accident, appellant executed a medical authorization for his attorney to copy his medical records at St. Louis University Hospital. The medical authorization was in the following form:

EXHIBIT "A"

*Refused by hospital on 12-30-81*
*JoAnn Stephenson*

LAW OFFICES OF
NEWMAN & BRONSON
1015 LOCUST STREET, SUITE 728
ST. LOUIS, MISSOURI 63101
TELEPHONE (314) 231-4800

PATIENT'S AUTHORIZATION FOR RELEASE OF MEDICAL AND/OR
HOSPITAL RECORDS

TO:     Doctor/Hospital _Firmin Desloge Hospital_
                        _1325 So. Grand_

RE:     Patient:  _Gary Thurman_
        Address:  _316 Cameron_
        DOB:

   You are hereby authorized to furnish to the law offices of NEWMAN &
BRONSON, or to their representative, MARKELL & ASSOCIATES, INC.,
who has my authority to copy records pertaining to me which are in your
possession.

   All prior authorizations executed by me are hereby revoked.

   This authorization does not extend to any other attorney or copy service.
Therefore, any release of my records to any company or individual other than
NEWMAN & BRONSON, my attorneys and MARKELL & ASSOCIATES, INC.,
their representative, will be considered a violation of my confidential privilege
and subject to civil action.

_____
Patient (or adult with authority to act for minor).  If
patient is deceased - legal representative.

   Subscribed and sworn to before me this _12th_ day of _November_,
198_1_.

_____
                    Notary Public

My term expires: _August 10, 1982_

   On December 30, 1981, an employee of
the copying service employed by appellant's
attorney went to St. Louis University Hos-
pital and gave the authorization to the hos-
pital records clerk, Zatie Crawford. St.
Louis University Hospital policy requires
that the medical authorization must be
signed by the patient and must be dated no
more than ninety days prior to the request
for the records. Ms. Crawford refused ac-

cess to the records based upon her determination that the medical authorization did not meet hospital policy because the date on the form had been altered. Despite subsequent telephone conversations between Ms. Crawford and appellant's attorney and the attorney's secretary, Ms. Crawford refused access to the records unless a "properly" dated medical authorization was presented.

Appellant filed suit against respondents for refusing access to his medical records. Respondents' motion for summary judgment was sustained and this appeal ensues.

In reviewing the granting of a motion for summary judgment, we view the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom the judgment was rendered and accord that party the benefit of every doubt. *First National Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373, 375 (Mo.App. 1982).

Respondents do not contest appellant's common law right to inspect his records. *See Hutchins v. Texas Rehabilitation Commission,* 544 S.W.2d 802, 804 (Tex.Civ. App.1976); *Rabens v. Jackson Park Hospital Foundation,* 40 Ill.App.3d 113, 351 N.E.2d 276, 279 (Ill.App.Ct.1976). Certainly this right extends to appellant's agent. Respondent hospital contends that it may restrict the release of their patients' records to insure the privacy of privileged matter.

The appellant's hospital records are included in the statutory physician-patient privilege. *Gozenbach v. Lasky,* 641 S.W.2d 430, 432 (Mo.App.1982). Respondents therefore have a duty to appellant not to erroneously release his medical records. Breach of that duty may give rise to a suit for damages. *Schaffer v. Spicer,* 88 S.D. 36, 215 N.W.2d 134, 137–138 (S.D. 1974); *see* Annot., 20 A.L.R.3rd 1109 (1968). Since the hospital has the duty to protect its patients from the unauthorized release of privileged information, we hold that the hospital may take reasonable precautions to check the credentials and authority of persons seeking access to that information.

Appellant argues that the trial court's order granting respondents' motion for summary judgment was inappropriate. Respondents cannot deny appellant access to his medical records. *Rabens v. Jackson Park Hospital Foundation,* 351 N.E.2d at 279. Unreasonable restriction of access to medical records can be tantamount to a refusal to release the records. Generally, the question of reasonableness is a question of fact for the jury rather than a question of law for the court. However, in this case, respondent Crawford was presented with a medical authorization which was altered on its face and which failed to comply with hospital policy. This, coupled with Ms. Crawford's willingness to release the records if presented with a properly dated authorization, did, as a matter of law, constitute a reasonable refusal to release the records. The trial court, therefore, properly granted summary judgment.

The trial court's order granting summary judgment in favor of respondents is affirmed.

REINHARD and CRIST, JJ., concur.