Norma BRINSON, Plaintiff/Appellant,

v.

James M. WHITTICO, M.D., Defendant/Respondent.

No. 57466.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 7, 1990.

Leo M. Newman, Marc S. Wallis, St. Louis, for plaintiff/appellant.

Sheila Drucker, Brent W. Baldwin, St. Louis, for defendant/respondent.

GRIMM, Judge.

In her petition, plaintiff Norma Brinson alleges that her physician, James M. Whittico, refused to provide her or her attorney with a copy of her medical records. The trial court sustained defendant's motion for summary judgment which was based on lack of ripeness. Plaintiff appeals; we reverse and remand.

### I. The Pleadings and Order

Plaintiff, in her petition, alleges that (1) defendant treated her and maintained records; (2) despite numerous requests for her records, the delivery of a medical authorization on several occasions, and a check for costs, defendant maliciously and intentionally did not deliver a copy of her records; (3) the records were indispensable to her cause of action in a personal injury lawsuit arising out of the injuries for which she was being treated; (4) she has a right to receive a copy of her records and a right that a copy shall not be unreasonably withheld; (5) as a result of defendant's failure to deliver, she has been "caused to lose valuable time from the pursuant [sic] of her financial recovery and has been made look [sic] as though her injuries are not significant enough for her treating physician to take enough interest to forward the information requested." Plaintiff, however, did not plead that she sustained any actual damages.

Defendant's motion for summary judgment contains four numbered paragraphs. It states that: (1) on or about April 6, 1989, plaintiff filed suit against defendant for failing to provide a copy of her medical records; (2) on or about May 11, 1989, a copy of defendant's records was sent to plaintiff's attorney; (3) on or about August 10, 1989, plaintiff's response to defendant's interrogatories indicated that a copy of the records had been received, that a docket card had not been filed in the underlying personal injury suit, and that a trial date had not been set in that suit.

Paragraph four of defendant's motion for summary judgment states: "This suit is not ripe for a judication [sic]. To date, Plaintiff has not been damaged, or damages will not be ascertainable until a determination of liability and award of damages is made in the underlying lawsuit."

The court did not state the grounds for granting defendant's motion for summary judgment. Its order said: "Upon consideration, summary judgment is entered on behalf of the defendant and plaintiff's cause is dismissed with prejudice."

### II. Lack of Ripeness

■ In sustaining a motion for summary judgment, a trial court may state its theory or reasons for so doing. When no grounds are stated, the trial court is presumed to base its decision on the grounds specified in the motion. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 (Mo.App.E.D.1986). Therefore, we presume the trial court's grant of summary judgment and dismissal with prejudice was based on the grounds specified in the motion, i.e. lack of ripeness.

■ A grant of summary judgment "has all the attributes of any other final disposition, including res judicata." *Manar v. Park Lane Medical Center*, 753 S.W.2d 310, 315 (Mo.App.W.D.1988). Filing a suit prematurely should not prevent a plaintiff from proceeding with an action when it becomes ripe. Thus, if an action is deemed premature and a trial court dismisses it for that reason, the action should be dismissed without prejudice. *See Boyer v. Carondelet Savings & Loan Ass'n*, 633 S.W.2d 98, 101 (Mo.App.E.D.1982).

■ Here, the trial court is deemed to have granted summary judgment for the sole reason that the lawsuit was premature. The granting of a summary judgment was inappropriate.

The judgment is reversed and the cause remanded. Because the trial court deemed the lawsuit premature, it may either dismiss the lawsuit without prejudice or may allow the lawsuit to pend until ripe for adjudication.*

SATZ, P.J., and SMITH, J., concur.

---

* We express no opinion on whether the petition states a cause of action. We observe that § 191.227, RSMo Supp.1989, directs medical providers to furnish a copy of a patient's records to any patient who submits a written request. It does not, however, specifically authorize a cause of action against a provider who refuses to furnish the records.

A bill similar to § 191.227 was introduced, but not adopted, in 1985. H.B. 1031, 83rd Gen. Assembly, 2d sess. (1985). Unlike § 191.227, it contained a section specifically authorizing a cause of action for any person who was damaged as a result of the violation of the act. *See also Thurman v. Crawford,* 652 S.W.2d 240 (Mo.App.E.D.1983).