**Henry W. CUMMINGS,
Plaintiff–Appellant,**

v.

**ACF INDUSTRIES,
Defendant–Respondent.**

No. 58722.

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1991.

Henry W. Cummings, St. Charles, for plaintiff-appellant.

Hereford, Britt & Johnson, Stephen M. Hereford, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, Henry W. Cummings, appeals from an order dismissing his cause of action against ACF Industries for breach of contract, age discrimination, detrimental reliance, unjust enrichment and outrageous conduct. We affirm.

Plaintiff filed his petition in the Circuit Court of St. Charles County on November 3, 1989, while there was another action pending in the United States District Court, Eastern District of Missouri (filed February 16, 1989) between the same parties for the same cause. Previously, on November, 6, 1986, plaintiff filed a petition in the Circuit Court of St. Louis County alleging breach of contract and age discrimination. The St. Louis County Circuit Court granted

defendant's motions to dismiss: (1) the breach of contract claim for failure to state a claim; and (2) the age discrimination claim for lack of jurisdiction. This court summarily affirmed the circuit court's order. *Cummings v. ACF Indus.*, 743 S.W.2d 542 (Mo.App.1988), *cert denied* 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989).

After the disposition of the initial state court action, the St. Louis County suit, the district court on February 14, 1990, held the principles of res judicata and collateral estoppel barred plaintiff from pursuing his claims of breach of contract, outrageous conduct, detrimental reliance and unjust enrichment due to the entry of final judgment in the state court action. In addition, the district court granted defendant's motion to dismiss plaintiff's age discrimination complaint for failure to state a claim upon which relief can be granted. The district court held plaintiff cannot prove any set of facts that would establish defendant discriminated against plaintiff because of his age.

After the district court entered its judgment and order, the Circuit Court of St. Charles County on July 19, 1990, sustained defendant's motion to dismiss plaintiff's cause of action "on the grounds set forth in the motion." These grounds include failure to state a claim upon which relief can be granted and another action was pending between the same parties for the same cause in this state.

■ In his first point relied upon plaintiff alleges: "The trial court erred in failing to make findings of fact and conclusions of law whereby the Appellant Court would have a statement of the reasons for the trial court's action and facilitate review by the Appellant Court." We note the trial court did make conclusions of law. Neither party requested findings of fact and none were made. Absent such a request, the court did not err. Rule 73.01(a)(2). Point denied.

■ In his second point relied upon plaintiff alleges:

The trial court erred in dismissing Appellant's appeal from the decision of the Missouri Commission on Human Rights that there was a lack of probable cause that [defendant] discriminated against [plaintiff] on the basis of age under RSMo. 213.055 in hiring another staff attorney and then general counsel.

This point does not state wherein and why the trial court erred and abused its discretion. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). This point is insufficient notice to the defendant and this court of the issue plaintiff seeks to have resolved. Furthermore, the point does not reference evidence which plaintiff relies upon to support the ruling he desires. Although defendant attempted a reply, we decline to speculate how plaintiff wishes us to interpret the thrust of his contention. Point denied.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.