**Roger BERLIN, M.D., Appellant,**

v.

**William PICKETT, Respondent.**

**No. WD 60644.**

Missouri Court of Appeals,
Western District.

March 28, 2003.

David J. Weimer, Kansas City, for appellant.

David T. Greis, Kansas City, for respondent.

Before EDWIN H. SMITH, P.J., LOWENSTEIN and HARDWICK, JJ.

HAROLD L. LOWENSTEIN, Judge.

■ Dr. Roger Berlin appeals from the trial court's judgment for the defendants in Berlin's action on account against William H. Pickett and William H. Pickett, P.C. (collectively "Pickett"). The trial court, sitting as trier of fact, granted Pickett's oral motion for a "directed verdict and/or judgment"[1] without making any findings, though respondent Pickett had requested findings pursuant to Rule 73.01. Because the trial court violated Rule 73.01 and because this court is unable to provide meaningful review, the judgment is remanded.

**Factual & Procedural History**

On July 1, 1999, Dr. Roger Berlin filed an action on an open account, claiming that Pickett owed him $54,000, plus interest, for psychiatric services Berlin provided Pickett's clients since February 27, 1996.

Berlin testified as follows:

Starting in 1972, Berlin, at Pickett's request, interviewed and wrote psychiatric evaluations of over 150 of Pickett's clients. Berlin also gave depositions and trial testimony in many of the personal injury suits brought by Pickett's clients. He deposed and testified in personal injury suits involving many of these clients. He kept an itemized bill of his services, which he sent to Pickett. These bills were based on time cards on which Berlin recorded the date and nature of the services provided each client. Berlin applied Pickett's payments to individual services; Berlin did not keep a running ledger. Initially, Pickett paid Berlin, with checks drawn on the account of William H. Pickett, P.C., but eventually stopped paying for Berlin's services, though he continued requesting—and Berlin continued providing—them. (Berlin did not testify that Pickett agreed to the creation of an open account.)

Berlin talked to Pickett about Pickett's arrearage and sent Pickett dunning letters. During one conversation, Pickett said, "Please, I got some money coming in.... I'll send you some in 30 days." Pickett did not make the promised payment. In February 1996, Berlin stopped providing services for Pickett, whose debt had grown to $55,225.

In July 1999, Berlin filed this action, seeking damages relating to services vis-a-vis thirty-six (later reduced to thirty-five) different clients. After filing suit, Berlin received four checks for $375, $300, $250, and $375, drawn on the account of William H. Pickett, P.C. In the memo section, each check indicated a client's name. Each check corresponded to services rendered on behalf of the named client. Berlin submitted an affidavit indicating that the payments were made to specific billed items.

In his answer, Pickett raised the statute of limitations as an affirmative defense. According to Pickett, some or all of Berlin's contractual "claims," which related to services provided more than five years be-

---

1. In a non-jury case, a motion for a directed verdict submits the case for judgment on the merits. *Temple v. McCaughen & Burr, Inc.*, 839 S.W.2d 322, 325 (Mo.App.1992); Rule 73.01(b), like a motion to dismiss at the close of the plaintiff's evidence, which requires the trial court to weigh the evidence and determine credibility. *Morris v. Brown*, 941 S.W.2d 835, 839 (Mo.App.1997). The standard of review is that of a court-tried case. *Kamil, Decker & Co., P.C. v. SMC Props., Inc.* 998 S.W.2d 818, 819 (Mo.App.1999); *City of Hamilton v. Public Water Supply Dist. No. 2 of Caldwell County*, 849 S.W.2d 96, 99 (Mo.App. 1993).

fore Berlin filed his petition, were unenforceable because of the expirations of the limitations period provided in Section 516.120(1), RSMo (2000), which began to run on the date each individual service was provided. Consequently, only those services provided on or after July 1, 1994, were not time-barred. Pickett also claimed that each service was a separate contract and that only Pickett P.C. could be held liable.

Pickett moved for partial summary judgment, based on the limitations defense, as to claims representing $42,914 of the $54,000 sought by Berlin. In his suggestion in opposition to the motion, Berlin claimed that an action on account does not accrue until the date of the last service provided, citing *Lowenstein v. Widdicomb*, 52 S.W.2d 1044, 1046 (Mo.App.1932), for this proposition. The last service provided was October 1994, and, thus, Berlin claimed, the five-year statute of limitations did not bar any of his claims.

The trial court denied Pickett's motion. Just before the start of trial, and immediately after Berlin's counsel entered his first appearance, counsel for Pickett P.C. requested "complete findings of fact, written findings of fact and conclusions of law." The request was granted.

After Berlin made his case in chief, Pickett moved for a "directed verdict." Pickett based his motion on the expiration of the limitations period (raised in his previous motion for summary judgment), saying, "Certain matters ... clearly show ... before July of 1999 ... when this initial petition was filed ... five years had ran [*sic*]." Pickett also claimed the evidence did not show the establishment of an ongoing account, but rather "a series of different contractual relationships of which he claims a breach." Even if an account had been properly pled, Pickett asserted Berlin

had not offered sufficient evidence to establish the reasonableness of the charges.

The trial court granted Pickett's motion and entered judgment in his favor, granting Berlin nothing. It did not make any findings of fact or explain the grounds for its decision. Upon receiving the judgment, Berlin immediately reminded the court of the pre-trial request.

Berlin argues that the trial court erred for four reasons. First, Pickett's affirmative defense, if valid, only makes unenforceable some of Berlin's claims. Second, Pickett's statute-of-limitations argument was invalid. Third, Berlin was entitled to a directed verdict because his testimony, which went uncontradicted, proved by a preponderance of the evidence the elements for a successful action on an open account. Fourth, the trial court's failure to make findings of fact, as required by Rule 73.01(c), makes a remand necessary.

## Rule 73.01

■ Berlin's last point is correct: This case must be remanded to the trial court because of its failure to give the grounds for its judgment despite Pickett's proper request for such grounds under Rule 73.01. Rule 73.01(c), which is applicable to this court-tried case, provides that:

> [i]f a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for the decision and the method of deciding any damages awarded. The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow.

Though Pickett did not use the phrase "grounds for the decision," his request for

"complete findings of fact, written findings of fact and conclusions of law" amounted to a request for the trial court to explain its decision. *Cf. Hatfield v. Cristopher*, 841 S.W.2d 761, 765 (Mo.App.1992) ("Since neither party requested findings of fact and conclusions of law in the case at hand, the trial court was not required to set forth grounds for its decision."). A request for complete and written conclusions of law and findings of fact is no way different than a request for "the grounds of the decision."

Pickett's request was also timely; it came immediately before trial and the trial court granted it. Rule 73.01(c). Without knowing the grounds for the judgment, this court cannot determine whether the trial court disbelieved Berlin's testimony (despite the post-petition payments by Pickett and the parties longstanding business relationship); whether it concluded that the statute of limitations precluded any recovery by Berlin (despite the possible divisibility of the action on account); or whether Berlin had failed to prove the reasonableness of his services. Accordingly, this court cannot provide meaningful review, and a remand is necessary. *Smith v. Woodard*, 15 S.W.3d 768, 774 (Mo.App. 2000).

 It should be noted, however, that even if a request for findings of fact under Rule 73.01 is made, a trial court need not make findings of fact unless the movant clearly and unequivocally specifies the controverted fact issues. *Hammons v. Ehney*, 924 S.W.2d 843, 849 (Mo. banc 1996); *In re Marriage of Colley*, 984 S.W.2d 163, 171 (Mo.App.1998); *Jefferson v. Bick*, 872 S.W.2d 115, 121 (Mo.App.1994); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 868 S.W.2d 118, 119 (Mo.App.1993). Pickett's request did not specify any controverted findings of fact e.g., the reasonableness of Berlin's charges. *See Thurman v.*

*Crawford*, 652 S.W.2d 240, 242 (Mo.App. 1983). Consequently, his request for findings of fact was facially deficient. *See Hammons*, 924 S.W.2d at 849. This does not necessarily mean, however, that the trial court had no obligation to give the reasons for its decision. *See Dorman v. Dorman*, 91 S.W.3d 167, 171 (Mo.App. 2002) (noting the distinction between a request for the grounds of the decision and request for findings of fact).

 Berlin is correct to assume he has standing, an issue that this court has a duty to raise *sua sponte*. *State ex rel. Mathewson v. Board of Election Comm'rs of St. Louis County*, 841 S.W.2d 633, 634 (Mo. banc 1992). Unless aggrieved by a judgment, a party has no standing to appeal. *Shelter Mut. Ins. Co. v. Briggs*, 793 S.W.2d 862, 863 (Mo. banc 1990). Normally, such piggybacking on an opponent's argument as Berlin's is impermissible. *See State v. Knese*, 985 S.W.2d 759, 775 (Mo. banc 1999) (third party standing only if litigant has suffered a concrete injury, has a close relation to the third party, and there exists some hindrance to the third party's ability to protect its own interests) (quotations omitted). And, arguably, Berlin's failure to request findings of fact or the grounds of the decision indicates that the trial court's inaction did not harm Berlin. Rule 84.13(b), which states that "no appellate court shall reverse any judgment unless it finds that error committed by the trial court *against the appellant* materially affecting the merits of the action," (emphasis added), bolsters this conclusion, as Pickett argues.

But his argument is untenable. First and foremost, it would have been redundant for Berlin to request the grounds of the decision. The court had already granted Pickett's request. Second, such a request is not like the garden-variety requests made of trial courts presupposed by

Rule 84.13(b); it does not redound solely to the benefit of the movant. This is reflected in the fact that the case must be remanded only if the failure of the trial court to explain its judgment interferes with appellate review, *Smith,* 15 S.W.3d at 774, which could benefit either party. Most importantly, Rule 84.13(b) is not applicable; this case is not being reversed, only remanded. *See Hammons v. Ehney,* 924 S.W.2d 843, 850 (Mo. banc 1996) (normal remedy for failing to make findings required by Rule 73.01 is to remand case to trial court for it to make findings). Conversely, an objection to the admission of evidence an analogy raised by Pickett if sustained, will presumably help the objecting party and hurt the other party. Not so here. Unless they knew the basis of the judgment, or it was obvious, the parties and this court would be forced into a guessing game. The third flaw in Pickett's argument is that it proves too much, precluding any form of review; however, failure to raise an objection at the trial court level does not forfeit plain error review. Rule 84.13(c). *See, e.g., C.L.S. v. C.L.S.,* 722 S.W.2d 116, 119 (Mo.App.1986) (reviewing for plain error even though objection was not raised before trial court).

This court holds that where the trial court does not give the grounds of its decision, even though properly and timely requested by a party under Rule 73.01 and acknowledged by the trial court, the non-moving party can raise the point on appeal. This holding is consistent with the caselaw. *See Adelman v. Rosenblum (In re Adelman's Estate),* 377 S.W.2d 549, 552 (Mo.App.1964) ("Rule 73.01 provides [that] unless *one* of the parties requests findings of fact and conclusions of law before final submission[,] the court need not make such specific findings ... and conclusions of law.") (emphasis added). *See also Cummings v. ACF Indus.,* 808 S.W.2d 33, 34 (Mo.App.1991).

Given the multitude of theories and defenses raised by Pickett, meaningful review cannot be provided without an explanation by the trial court of the basis for its judgment. The judgment is remanded to the trial court for it to give the grounds of its decision. Rule 73.01(c).

All concur.