Donald WEBB, Plaintiff/Respondent,

v.

Stephanie KIDD, Defendant/Appellant.

No. ED 83998.

Missouri Court of Appeals, Eastern District, Division Five.

March 2, 2004.

Stephanie Kidd, O'Fallon, IL, Pro–Se Appellant.

Mark G. McMahon, Clayton, MO, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

Stephanie Kidd (Appellant) appeals the default judgment for $3,500 entered against her in this personal injury lawsuit filed by Donald Webb (Respondent). Because Appellant's notice of appeal is untimely, we dismiss the appeal for lack of jurisdiction.

Respondent filed a petition for damages for personal injuries suffered in an automobile accident with Appellant. Respondent sought $3,500 in damages. After Appellant was served, a default judgment was entered against her in the amount of $3,500 on September 2, 2003. On December 17, 2003, Appellant filed a motion to set aside the default judgment which, to the court's knowledge, has not yet been ruled upon. Appellant then filed a notice of appeal to this Court on December 23, 2003. In response, Respondent has filed a motion to dismiss the appeal, contending it is untimely. Appellant has failed to file a response.

Under Rule 81.04(a),[1] the notice of appeal must be filed no later than ten (10) days after the judgment becomes final. If a party timely files an authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

■ Here, the court entered the default judgment against Appellant on September 2, 2003. Under Rule 81.04(a), Appellant's notice of appeal was due ten days after the judgment became final. Here, the judgment became final thirty days from September 2, 2003, or October 2, 2003, because no timely after-trial motions were filed. Rule 81.05(a). Appellant's notice of appeal was due on October 14, 2003. Rule 81.04(a); Rule 44.01(a). Therefore, Appellant's notice of appeal, filed on December 23, 2003, was untimely.

■ The motion to set aside the default judgment that Appellant filed on December 17, 2003 had no bearing on when the notice of appeal was due from the September 2nd judgment. When such a motion is filed after the default judgment has become final, it is treated as an independent proceeding, separate and apart from the underlying judgment itself. *Popular Leasing USA, Inc. v. Universal Art Corp. of New York,* 57 S.W.3d 875, 878 (Mo.App. E.D.2001). Appellant may proceed with this motion in the circuit court.

Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal. *Moore ex rel. Moore v. Bi–State Dev. Agency,* 87 S.W.3d 279, 296 (Mo.App. E.D.2002). We cannot review the merits of Appellant's appeal and can only dismiss her untimely appeal.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

We grant Respondent's motion to dismiss and dismiss Appellant's appeal.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.