**James Frederick ORT and Mary Lucille Ort, Appellants,**

v.

**DAIMLERCHRYSLER CORPORATION,**
**Respondent.**

**No. ED 83749.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 6, 2004.

Adam J. Krohn, Kristin M. Liddle, Krohn & Moss, Ltd., Chicago, IL, for appellant.

Maureen A. McGlynn, McGlynn & Luther, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, James Frederick Ort and Mary Lucille Ort ("plaintiffs"), appeal from the judgment of the Circuit Court of St. Louis County partially denying plaintiffs' petition requesting attorneys' fees and costs. Plaintiffs brought suit against respondent, DaimlerChrysler Corporation ("defendant"), under 15 U.S.C. section 2310(d)(2) (the "Magnuson–Moss Warranty Act") for breach of express and implied

warranty, in which the jury returned a verdict for $7,500.00 in favor of plaintiffs. We affirm.

In August 2001, plaintiffs purchased a 2002 Dodge Ram Pickup 3500 Quad ("truck") manufactured by defendant. As part of the purchase, plaintiffs received a three-year or thirty-six thousand mile bumper-to-bumper warranty from defendant. Between August and November of 2001, plaintiffs brought the truck to defendant's authorized repair facilities nine times for various defects. However, the truck's defects were not fully repaired.

Plaintiffs and defendant were unable to reach a settlement regarding the truck's defects. Plaintiffs filed their complaint against defendant under the Magnuson–Moss Warranty Act on October 31, 2002, claiming breach of express and implied warranty. On September 3, 2003, a jury found in favor of plaintiffs, awarding them $7,500.00 in damages. On September 8, 2003, the trial court entered an interlocutory judgment on the jury verdict.

On September 24, 2003, plaintiffs filed a petition requesting $12,510.50 in attorneys' fees and costs. The trial court entered judgment on September 30, 2003, partially denying plaintiffs' petition and granting plaintiffs $5,000 in attorneys' fees and costs. On October 15, 2003, plaintiffs filed their "Motion to Reconsider Award of Attorneys' Fees." On November 13, 2003, plaintiffs filed their notice of appeal. Plaintiffs only appeal the trial court's judgment partially denying their petition requesting attorneys' fees and costs.

■ As a preliminary matter, defendant argues that this Court lacks jurisdiction because plaintiffs failed to timely file their notice of appeal. We disagree.

■ Our jurisdiction depends upon the timely filing of a notice of appeal. *Webb v. Kidd,* 128 S.W.3d 640, 641 (Mo. App. E.D.2004). A notice of appeal must be filed no later than ten days after the judgment becomes final. Rule 81.04(a).[1] A judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed. Rule 81.05(a)(1). If an authorized after-trial motion is timely filed, a judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later. Rule 81.05(a)(2).

A motion for a new trial is one of six authorized after-trial motions specifically recognized by the Supreme Court. *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 393 n. 1. (Mo.banc 1993). In addition, a motion that operates as a motion for a new trial is an authorized after-trial motion. *American Family Mut. Ins. Co. v. Hart,* 41 S.W.3d 504, 512 (Mo.App. W.D. 2000). Courts generally construe improperly titled or crudely fashioned after-trial motions liberally as motions for new trial. *Massman Const. v. Highway & Transp. Com'n,* 914 S.W.2d 801, 803 (Mo.banc 1996). Further, a motion to reconsider operates as a motion for a new trial in a court-tried case, and is therefore an authorized after-trial motion. *In re Marriage of Wardlaw,* 809 S.W.2d 470, 472 (Mo.App. S.D.1991); *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.,* 754 S.W.2d 897, 899 (Mo.App. W.D.1988); *See Taylor,* 854 S.W.2d at 393 (finding that a motion to reconsider the granting of summary judg-

1. All rule references are to Mo.R.Civ.P.2003, unless otherwise indicated.

ment operates as a motion for new trial); *See Moore v. Baker*, 982 S.W.2d 286, 288 (Mo.App. W.D.1998) (finding that a motion to reconsider the setting aside of a default judgment operates as a motion for new trial).

In the instant case, the trial court's September 30, 2003 judgment would have become final on October 30, 2003 if plaintiffs did not timely file an authorized after-trial motion. However, plaintiffs filed their motion to reconsider on October 15, 2003. There is no dispute that plaintiffs' motion to reconsider was timely filed. The trial court, pursuant to the Magnuson–Moss Warranty Act, awarded attorneys' fees. In this court-tried case, plaintiffs' "Motion to Reconsider Award of Attorneys' Fees," although not titled a "motion for a new trial," nevertheless operated as a motion for a new trial. Therefore, we find that plaintiffs' motion to reconsider was an authorized after-trial motion that extended the time at which the September 30, 2003 judgment became final to January 13, 2004, ninety days after plaintiffs filed their motion to reconsider. Rule 81.05(a)(2). Plaintiffs then had until January 23, 2004 to file their notice of appeal. Rule 81.04(a). Plaintiffs filed their notice of appeal on November 13, 2003.[2] Therefore, we have jurisdiction over plaintiffs' appeal.

We turn now to the merits of plaintiffs' appeal.

In their first point on appeal, plaintiffs argue that the trial court erred by not providing reasons for its partial denial of plaintiffs' petition for attorneys' fees and costs.

■ Rule 73.01, which is applicable to a court-tried case, provides in relevant part:

If a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded.

The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party....

All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(c).

Rule 73.01 applies to cases that involve appellate review of an award of attorneys' fees and costs under the Magnuson–Moss Warranty Act. *Hibbs v. Jeep Corp.*, 666 S.W.2d 792, 800 (Mo.App. W.D.1984).

■ Plaintiffs argue that their motion to reconsider requested the court to provide findings of fact and conclusions of law on the issue of attorneys' fees and costs pursuant to Rule 73.01.

■ A request to a court to provide findings of fact and conclusions of law under Rule 73.01 must amount to a request for a trial court to explain its decision. *Berlin v. Pickett*, 100 S.W.3d 163, 166–67 (Mo.App. W.D.2003). In *Berlin,* the court held that a party's request for "complete findings of fact, written findings of fact and conclusions of law" amounted to a request for the trial court to explain its decision. *Id.*

Plaintiffs' motion to reconsider asked the trial court to "recalculate the amount of attorneys' fees awarded to [p]laintiff in this case by addressing each time entry and calculating the attorneys' fees based only on the actual time incurred." In contrast to the request in *Berlin,* this language does not amount to a request for the trial court to explain its decision. Rather, the terms "reconsider" and "recalculate"

---

**2.** Plaintiffs prematurely filed notice of appeal was considered as filed January 13, 2004, the time the judgment became final for the purpose of this appeal. Rule 81.05(b)

suggest a request for the trial court to change its decision. The trial court did not err in not making findings of fact and conclusions of law on the issue of attorneys' fees and costs because plaintiffs did not request the trial court make findings of fact and conclusions of law on this issue pursuant to Rule 73.01. Point denied.

■ In their second point on appeal, plaintiffs argue that the trial court erred by not awarding full attorneys' fees and costs based on actual time expended. Pursuant to the Magnuson–Moss Warranty Act, a plaintiff who prevails on a claim may recover from the court:

> a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff ... unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate. 15 U.S.C. section 2310(d)(2).

A trial court's award of attorneys' fees and costs is reviewed under an abuse of discretion standard. *Hibbs*, 666 S.W.2d at 799.

■ As previously discussed, plaintiffs did not request the court to make specific findings of fact and conclusion of law on the issue of attorneys' fees and costs. Pursuant to Rule 73.01, "all fact issues upon which no specified findings are made shall be considered as having been found in accordance with the result reached." Therefore, the court acted within its discretion in partially denying plaintiffs' petition requesting attorneys' fees and costs. *See Luker v. Luker*, 861 S.W.2d 195, 199 (Mo.App. W.D.1993). Point denied.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J., concur.