**Michael D. BAUER d/b/a Bauer Development Company, Appellant,**

v.

**Ronald M. BOWES, Millicent M. Bowes, and Belton Food Center, Inc., Respondents.**

No. WD 71479.

Missouri Court of Appeals, Western District.

Oct. 18, 2011.

Michelle N. Higinbotham, Lee's Summit, MO, for Appellant.

John E. Franke, Nikki Cannezzaro, and Derek Johannsen, Kansas City, MO, for Respondents.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, MARK D. PFEIFFER, Judge, and ANN MESLE, Special Judge.

MARK D. PFEIFFER, Judge.

Michael D. Bauer, doing business as Bauer Development Co. ("Bauer"), appeals from the Circuit Court of Cass County's ("trial court") denial of his Motion for Judgment Notwithstanding the Verdict ("Motion for JNOV")[1] following the trial court's entry of judgment upon a jury verdict in favor of Ronald M. Bowes, Susan L. Bowes, and Millicent M. Bowes, the defendant guarantors (collectively, "the Guarantors"). Respondents have filed a Motion to Dismiss Bauer's appeal, asserting that it is untimely and this court lacks jurisdiction accordingly.[2] For reasons stated herein, the Motion to Dismiss Bauer's appeal is denied and the judgment below is affirmed.

## Factual and Procedural Background[3]

On November 1, 1993, Bauer, as lessor, and Belton Food Center, Inc. ("BFCI"), as

---

1. Bauer's motion was titled: "Motion for Judgment Notwithstanding the Verdict and/or New Trial." However, Bauer's appeal only contests the trial court's JNOV ruling. As such, Bauer has abandoned any claim of error relating to the trial court's refusal to grant a new trial and, hence, our reference to Bauer's appeal as an appeal from the Motion for JNOV.

2. The Motion to Dismiss also requested dismissal of respondent Susan L. Bowes, due to her death on October 5, 2008. In our July 21, 2011 Order, we ordered that Susan L. Bowes, deceased, be removed as a respondent to this appeal.

3. We view the facts in the light most favorable to the jury verdict. *Dhyne v. State Farm Fire & Cas. Co.,* 188 S.W.3d 454, 455 (Mo. banc 2006).

lessee,[4] entered into a long-term commercial lease agreement ("the Lease"). The Guarantors each executed a personal guaranty guaranteeing the obligations of BFCI *under the terms of the Lease.*

On *May 7, 2001,* BFCI received a letter from Bauer *terminating the Lease.* Specifically, the termination letter stated, in pertinent part: "At this time, we consider you a *tenant at will* from month to month, *thus the necessity of a new lease.*" (Emphasis added.) The Guarantors thus argued that any obligations under a personal guaranty guaranteeing obligations under the lease also terminated as of *May 7, 2001.* BFCI vacated the premises on *July 31, 2001.*

On August 10, 2001, Bauer filed suit against BFCI for damages and against the Guarantors to guarantee payment for any such damages. Among other allegations, Bauer claimed that—prior to vacating the premises—BFCI removed property from the leased premises that belonged to Bauer, such as cooler and refrigerator doors, door frames, sinks, faucet knobs, cabinets, parts of the floor, conduit, supply and PVC pipes, ventilation flues, border walls, and a generator. Bauer further alleged that—prior to vacating the premises—BFCI damaged the leased premises by, among other things (a) disengaging and damaging the fire alarm system; (b) cutting, ripping out and leaving electrical, gas, water and other wires, lines and items exposed and damaged; and (c) removing and destroying electrical disconnect and switch boxes.

Given that the Lease was terminated by Bauer on May 7, 2001, and BFCI was—by Bauer's insistence—nothing more than a tenant at will from May 8, 2001, through July 31, 2001, there was conflicting evidence at trial about whether the alleged damages claimed by Bauer against BFCI were related to damages arising under the Lease (i.e. damages sustained on or before May 7, 2001) or the time frame of BFCI's at will tenancy (i.e. damages between May 8, 2001, through July 31, 2001) or both. Similarly, then, there was conflicting evidence about whether the damages claimed by Bauer were covered by the personal guaranty of the Guarantors.

The case proceeded to trial, and the jury rendered four verdicts: On Verdict A, Bauer's claim against BFCI, the jury found in favor of Bauer in the amount of $41,195.31; on Verdict B, Bauer's claim against Ronald M. Bowes for breach of Guaranty, the jury found in favor of Ronald M. Bowes; on Verdict C, Bauer's claim against Susan L. Bowes for breach of Guaranty, the jury found in favor of Susan L. Bowes; on Verdict D, Bauer's claim against Millicent M. Bowes for breach of Guaranty, the jury found in favor of Millicent M. Bowes. The trial court's Judgment was filed June 19, 2009. Bauer timely filed his Motion for JNOV on July 20, 2009.[5] The trial court dismissed the mo-

---

4. The original lease listed BFCI and its then partner, Crest Thriftway, Inc., as the lessee, doing business as B & C Food Center. However, the lease was later amended to reference BFCI as the exclusive lessee.

5. The Motion for JNOV in the Legal File is file-stamped July 21, 2009; however, the docket entry shows the motion was filed July 20, 2009, and the certified copy of the Motion for JNOV in Bauer's Supplemental Legal File is also file-stamped July 20, 2009. Although there is a discrepancy between the file-stamped dates on the two documents, we exercise our discretion to give Bauer the benefit of the doubt and use the July 20, 2009 date in our time computation based upon Rule 43.02(b), which provides, with an exception that is not applicable in this case, that "[t]he filing of pleadings and other papers with the court as required by Rules 41 through 101 shall be made by filing them with the clerk of the court." *See Martin, Malec & Leopold, P.C. v. Denen,* 285 S.W.3d 383, 387 (Mo.App. E.D.

tion on August 30, 2009, without explanation. Bauer timely filed his notice of appeal on September 9, 2009.

## Standard of Review

■■■ " 'The standard of review for the denial of a judgment notwithstanding the verdict (JNOV) is essentially the same as review of the denial of a motion for directed verdict.' " *Kline v. City of Kansas City*, 334 S.W.3d 632, 649 (Mo.App. W.D. 2011) (quoting *All Am. Painting, LLC v. Fin. Solutions & Assocs., Inc.*, 315 S.W.3d 719, 723 (Mo. banc 2010)). " 'Parties bearing the burden of proof generally are not entitled to a directed verdict.' " *Id.* (quoting *All Am. Painting, LLC*, 315 S.W.3d at 723).

## Analysis

In Bauer's sole point relied on, Bauer argues that he presented substantial evidence of a "submissible" breach of guaranty case and, thus, the trial court erred in denying his motion for JNOV. Bauer misunderstands our standard of review on

appeal. Bauer cites JNOV case law in which the *plaintiff* and not the *defendant* prevailed at trial (on the complained-of verdict or verdicts). In that instance, this court's task in reviewing the denial of the *defendant's* motion for JNOV is simply to review the record to ascertain whether the *plaintiff* made a submissible case predicated upon legal and substantial evidence. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 456 (Mo. banc 2006); *Fletcher v. Kansas City Cancer Center, LLC*, 296 S.W.3d 474, 476 (Mo.App. W.D.2009).

■■■ But where, as here, the *defendant* is the prevailing party and the *plaintiff* has sought JNOV relief, the issue is not one of "submissibility." Instead, as we have recently stated in *Kline v. City of Kansas City*, the standard of review for the denial of the *plaintiff's* motion for JNOV is no different than a denial of a motion for directed verdict and "parties bearing the burden of proof generally are not entitled to a directed verdict." 334 S.W.3d at 649. " '[A] directed verdict is not given in favor of the party having the

2009) ("Moreover, in the administration of the courts, a motion is considered filed when delivered to the proper officer and lodged in his office."); *Nandan v. Drummond*, 5 S.W.3d 552, 557 & n. 3 (Mo.App. W.D.1999) ("A file stamp shows that the [document] was filed.").

"Our jurisdiction depends upon the timely filing of a notice of appeal." *Ort v. Daimler-Chrysler Corp.*, 138 S.W.3d 777, 779 (Mo.App. E.D.2004). A notice of appeal is not effective unless it is filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a). "A judgment is rendered when entered." Rule 74.01(a). A judgment is "entered" when: (1) a writing, (2) signed by the judge, (3) and denominated "judgment," (4) is filed. *Id.*

In this case, the trial court's Judgment was entered on June 19, 2009. To ascertain the time within which an appeal may be taken, a judgment becomes final thirty days after its entry, *unless* a timely authorized after-trial motion is filed. Rule 81.05(a)(1). A party may move for a judgment notwithstanding the

verdict or new trial not later than thirty days after entry of judgment. Rule 72.01(b); *see also Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993) (Motions for JNOV or New Trial are authorized after-trial motions). Bauer timely filed his Motion for JNOV on July 20, 2009 (Note: July 19, 2009—the thirtieth day—fell on a Sunday and thus, pursuant to Rule 44.01(a), Bauer had until Monday, July 20, to file his Motion for JNOV). The trial court ruled on the motion, dismissing it without explanation by docket entry dated August 30, 2009. Because Bauer's Motion for JNOV was timely, the trial court's Judgment became final on the date of the ruling on the Motion for JNOV. A notice of appeal must be filed ten days after the judgment appealed from becomes final. Rule 81.04(a). Thus, the notice of appeal was required to be filed not later than September 9, 2009. Bauer's notice of appeal was filed on that date; hence, it was timely, we have jurisdiction, and Respondents' Motion to Dismiss is denied.

burden of proof no matter how overwhelming that party's evidence may be or how minuscule the other party's evidence may be....' " *Id.* (quoting *Brandt v. Pelican,* 856 S.W.2d 658, 664 (Mo. banc 1993)). " 'This is in recognition of the fact that the defendant, who has the benefit of the burden of proof, is entitled to try the case with no evidence at all and to rely solely upon the jury disbelieving the plaintiff's evidence.' " *Id.* (quoting *Brandt,* 856 S.W.2d at 664–65). " 'This strategy may result in a loss for the defendant, but it will not be on a directed verdict; the defendant is entitled to have the case go to the jury.' " *Id.* (quoting *Brandt,* 856 S.W.2d at 665).

■ Thus, in the present case, whether Bauer—the plaintiff—made a "submissible case" for breach of guaranty against the Guarantors—the defendants—is irrelevant to whether the trial court should have granted Bauer's Motion for JNOV. As plaintiff, Bauer bore the burden of proof of proving the elements of breach of guaranty by the Guarantors and the jury was entitled to disbelieve Bauer's evidence in support of his case in chief. Likewise, the jury was entitled to believe that any of Bauer's claimed "guaranty damages" were sustained after Bauer had terminated the Lease and outside the contractual time frame of any personal guaranty executed by any of the Guarantors. Either way, Bauer was not entitled to a directed verdict or JNOV. The trial court did not commit error.

Point denied.

## Conclusion

Respondents' motion to dismiss is denied. The judgment of the trial court is affirmed.

LISA WHITE HARDWICK, Chief Judge, and ANN MESLE, Special Judge, concur.