**Precious Lee BROWN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15920.**

Missouri Court of Appeals, Southern District, Division One.

May 11, 1989.

---

2. Associated costs added the costs of parking ($70 per month) and of maid service ($30 per month) to the monthly rental of $1700.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

On February 25, 1981, movant was convicted of three counts of forcible rape, § 566.030,[1] and two counts of forcible sodomy, § 566.060. Movant was sentenced as a persistent sexual offender to five concurrent sixty-five year terms to be served without probation or parole. § 558.018. His conviction was affirmed on appeal. *State v. Brown*, 636 S.W.2d 929 (Mo. banc 1982). On March 4, 1987, movant filed his pro se motion for relief under former Rule 27.26.[2]

Following an evidentiary hearing, the court below determined that movant had not carried his burden of proof on the claim of ineffective assistance of counsel and denied movant relief on his motion. Movant appeals from that decision.

The sole point on appeal is that the motion court erred in its determination that movant's trial counsel was not ineffective in failing to ascertain the exact words that Police Chief Jim Elliott of Kennett, Missouri, would use in his testimony during the trial. On the morning of October 18, 1980, Chief Elliott arrested movant. Elliott testified at trial as follows:

A. I asked him if he knew why he was being arrested.

Q. What did he say?

A. He said "Yes," said "She hollered rape, didn't she?"

Q. Did he make any statement to you concerning money?

A. Yes, he did.

Q. What statement did he make?

A. He said "I banged the bitch, but I paid her, I paid her $10."

At that point trial counsel objected because he had not been informed of these statements. The objection was overruled.

At the hearing on the Rule 27.26 motion, trial counsel testified that he interviewed Chief Elliott prior to trial and Elliott indicated that statements had been made by movant in connection with the charges, but he did not use the exact words contained in the trial testimony. Chief Elliott's written statement given to movant's trial counsel in pretrial discovery quoted movant as having said, "I gave that broad $10.00 to go out with her and now look what's happening." Although Chief Elliott testified at the evidentiary hearing, he was not asked, and the record does not disclose, the reason for the change in wording from the written statement.

The thrust of movant's argument is that the variance in the language used by Elliott in his pretrial statements and the testimony at trial demonstrates that the attorney's investigation was not thorough because counsel did not learn the "exact words

---

1. Unless otherwise indicated, references to statutes are to RSMo Supp.1980.

2. References to Rule 27.26 are to Missouri Rules of Court (18th ed. 1987). Since sentence was pronounced prior to January 1, 1988, "post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m), Missouri Rules of Court (20th ed. 1989). Unless otherwise indicated, all other rule references are to Missouri Rules of Court (20th ed. 1989).

which then Police Chief Elliott would use" when called to testify at trial. Movant argues that the failure to ascertain the exact words amounted to ineffective assistance of counsel.

A claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

In this case the trial attorney obtained a written statement through discovery which included the substance of Elliott's testimony. In addition, he interviewed Elliott to determine what Elliott's testimony would be. The fact that the police chief reported movant's use of the coarse language for the first time during trial cannot be attributed to any failure on the part of counsel to adequately investigate. Counsel's representation is not to be labeled ineffective because, unknown to counsel, a witness decides to change his testimony on the stand. *Mountjoy v. State,* 750 S.W.2d 471, 474 (Mo.App.1988). To accurately predict the exact wording of testimony is more an exercise in metaphysics than legal investigation. The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.