**Bryan SWINEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 77513.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 19, 2000.

Bryan Swiney, Boonville, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

Swiney filed this appeal challenging the denial of his Rule 24.035 motion for post-conviction relief. Although neither Swiney nor the State raised the issue, we must first address whether we have jurisdiction to consider Swiney's appeal. In doing so, we conclude Swiney's notice of appeal was untimely filed, and we dismiss his appeal.

Swiney plead guilty to first degree assault of a law enforcement officer in violation of Section 565.081, RSMo 1994, and was sentenced to ten years' imprisonment and delivered to the Department of Corrections on January 20, 1999. Swiney filed a *pro se* motion for post-conviction relief under Rule 24.035 on April 21, 1999. The motion court appointed counsel to represent Swiney. Shortly thereafter, the State filed a motion to dismiss Swiney's motion because it was untimely. Swiney filed a motion to proceed despite the untimeliness of his motion.

At a pre-hearing conference on September 16, 1999, the motion court denied Swiney's motion to proceed. The court then entered a judgment denying Swiney's Rule 24.035 motion as untimely because it was filed ninety-one days from the day he was delivered to the Department of Corrections. Swiney did not file a notice of appeal from this judgment. On January 27, 2000, the motion court entered "Findings of Fact, Conclusions of Law and Order." Although noting its prior judgment in the matter, the motion court proceeded to consider the merits of Swiney's 24.035 motion, issuing findings of fact and conclusions of law and denying Swiney's motion on the merits. Swiney filed a notice of appeal from this order on February 22, 2000.

■ The order from which Swiney has appealed is void. The record reflects the motion court entered a judgment denying Swiney's 24.035 motion on September 16, 1999. This judgment fully disposed of Swiney's case and became final thirty days afterward because no authorized after-trial motions were filed. Rule 81.05(a)(1). Therefore, the trial court was without jurisdiction in January of 2000 to change, alter or modify its final judgment of September 16, 1999. Rule 75.01; *Lake Thunderbird Property Owners Ass'n v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App. E.D.1984). Any attempt by a trial court to amend a judgment more than 30 days after it was entered is in excess of its jurisdiction and is void. *AGC Ins. Fund v. Jetco Heating & Air Conditioning, Inc.*, 815 S.W.2d 141, 142 (Mo.App. E.D.1991). As a result, no appeal lies from the trial court's order of January 27, 2000.

■ Here, the only judgment from which Swiney could appeal is the September 16, 1999 judgment. A notice of appeal is ineffective unless it is filed within 10 days after the judgment or order appealed from becomes final. Section 512.050,

RSMo Cum.Supp.1999; Rule 81.04(a); *Boyer v. Shay,* 675 S.W.2d 147, 147 (Mo. App. E.D.1984). However, Swiney filed a notice of appeal over three months after the judgment became final. Therefore, Swiney's notice of appeal filed 160 days after the September 16, 1999 judgment became final was, therefore untimely. If the notice of appeal is untimely, we are without jurisdiction to hear the appeal and must dismiss it. *Griffin v. Griffin,* 982 S.W.2d 788, 788 (Mo.App. E.D.1998). As Swiney's notice of appeal was untimely, this appeal is dismissed for lack of jurisdiction. *See, Duckett Creek Sewer Dist. v. Westerfield Development Corp.,* 930 S.W.2d 497, 500 (Mo.App. E.D.1996).

Appeal dismissed.

CLIFFORD H. AHRENS, P.J., concurs.

WILLIAM H. CRANDALL Jr., J., concurs.