Padraic COOK, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 83597.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 1, 2005.

---

Padraic Angelo Cook, Licking, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

Padraic Cook ("Cook") appeals the dismissal of his motion to reopen his postconviction proceeding to address claims of fraud and abandonment. We dismiss the appeal because the record is insufficient for review of the issues on appeal.

Cook was found guilty of one count of robbery, one count of assault and two counts of armed criminal action in February of 1991. Cook was sentenced to consecutive terms in the department of corrections of thirty years each for robbery and armed criminal action to be served concurrently with terms of ten years for assault and three years for another count of armed criminal action. On March 29, 1991 Cook filed a *pro se* motion for postconviction relief pursuant to Rule 29.15. Counsel was appointed, an amended motion was filed, and it was denied without an evidentiary hearing on September 25, 1991. Cook appealed his conviction and the denial of his postconviction motion. This court consolidated the appeals and affirmed on September 8, 1992. *See State v. Cook,* 835 S.W.2d 574 (Mo.Ct.App.1992).

In 2003, in the same court where his postconviction proceedings took place, Cook filed a *pro se* motion to reopen his Rule 29.15 motion.[1] The court denied the motion as an improper successive motion for postconviction relief on September 9, 2003. Appellant then filed this appeal, also *pro se.*[2]

---

1. The record on appeal does not contain a copy of the motion, though it appears from the order and from appellant's brief that appellant probably alleged abandonment by PCR council

2. In his points relied on, Cook argues the merits of his motion to reopen his 29.15 proceedings. However, the motion was dismissed as an "improper successive motion" and a ruling was not made on the merits. Cook does cite cases regarding jurisdiction to

 Even though a postconviction relief claim arises from a criminal conviction, it is governed by the rules of civil procedure. Rule 29.15(a). Thus, under Rule 75.01, a trial court retains jurisdiction to reopen the proceedings for only thirty days following its ruling. *State v. McElroy*, 838 S.W.2d 43, 49 (Mo.App. E.D.1992). However, there is a very narrow exception to the thirty-day limitation. Under this exception the court in which the original postconviction proceeding was held retains jurisdiction to reopen the proceedings to address claims of abandonment by postconviction relief counsel. *See Daugherty v. State*, 116 S.W.3d 616 (Mo.App. E.D. 2003); *Hammack v. State*, 130 S.W.3d 721 (Mo.App. E.D.2004). The Supreme Court has recognized a very narrow category of cases which rise to the level of abandonment. *Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D.2001). These include cases in which appointed counsel (a) failed to file an amended motion on movant's behalf without explanation, (b) filed an untimely amended motion or (c) filed a motion "so patently defective that it amounted to 'a nullity.'" *Id.*

 In order to resolve the issue of whether this case falls within that narrow exception where the court retains jurisdiction to reopen the proceedings, we need to determine whether the allegations regarding the PCR counsel in Cook's motion to reopen rise to abandonment. However, the motion is not contained in the legal file and does not appear anywhere in the record.

Rule 81.12 requires that the appellant compile the record on appeal. The legal file must contain the record, proceedings and evidence necessary to resolve the issues on appeal. *Zlotopolski v. Director of Revenue*, 62 S.W.3d 466, 468 (Mo.App. E.D.2001). When there is an incomplete record on appeal, we dismiss the appeal. *Id.*

In this case, the record does not contain all materials necessary to determine the questions presented. Without the motion to reopen, we are unable to review whether the motion court had jurisdiction because the question of jurisdiction depends on what facts were contained in the motion.

Appeal dismissed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.

---

decide a motion to reopen and so this court will liberally construe his appeal to also argue that the motion court had jurisdiction to decide the motion.