**Darrell L. BELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84591.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 2005.

Darrell L. Bell, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Darrell L. Bell ("Movant"), appeals from the judgment of the Circuit Court of Marion County denying his motion to re-open inquiry into abandonment by post-conviction counsel. In the underlying case, Movant entered a guilty plea to murder in the second degree, section 565.021 RSMo 2000. Movant was sentenced to life imprisonment. We affirm.

On November 11, 1993, Movant entered a guilty plea to murder in the second degree. Movant was sentenced to life imprisonment. In January of 1994, Movant filed a timely Rule 24.035 motion to vacate, set aside or correct the judgment or sentence. Counsel was appointed to represent Movant. In August of 1994, the motion court issued findings of fact and conclusions of law denying Movant's 24.035 motion without an evidentiary hearing. On February 16, 2001, Movant filed a motion to re-open his 24.035 motion claiming he was abandoned by his post-convic-

tion counsel. That motion was denied by the motion court for lack of jurisdiction. On February 25, 2004, Movant filed a motion to re-open inquiry into abandonment by post-conviction counsel claiming that the motion court did have jurisdiction to consider his claim of abandonment. The motion court denied the motion to re-open for lack of jurisdiction. This appeal followed.

In his only point on appeal, Movant claims the motion court erred in denying his motion to re-open inquiry into alleged abandonment by his post-conviction counsel.

Rule 24.035(a) provides, in pertinent part, that "[t]he procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable." Rule 24.035(a). Under Rule 75.01, within the Missouri Rules of Civil Procedure, a trial court is allowed to retain control over its judgments for a 30–day period after they are entered so that they may be, for good cause, vacated, re-opened, corrected, amended, or modified. Rule 75.01; *State v. Lawrence*, 139 S.W.3d 573, 576 (Mo.App. E.D.2004).

On February 22, 2001, the motion court dismissed Movant's motion to re-open his 24.035 proceedings finding it lacked jurisdiction over the abandonment claim. No appeal was filed after the motion court entered its judgment. It was not until February 25, 2004, more than three years after the February 22, 2001 judgment, that Movant filed a motion to re-open inquiry into alleged abandonment by post-conviction counsel. The motion court denied the 2004 motion to re-open inquiry into abandonment for lack of jurisdiction.

The motion to re-open inquiry into abandonment, which attacked the motion court's February 22, 2001 judgment, amounted to a Rule 75.01 motion. Be-

cause the Rule 75.01 motion was filed well after the 30–day period in which the trial court retained control over its 2001 judgment, it was untimely. Therefore, the motion court did not err in denying the motion to re-open inquiry into abandonment proceedings for lack of jurisdiction. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

SHERRI B. SULLIVAN and BOOKER T. SHAW, JJ., concur.