**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Brian CURTIS, Defendant/Appellant.**

**No. ED 84723.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 13, 2005.

Brian Curtis, Clayton, pro se.

Shawn Mackelprang, Lacey Searfoss (co-counsel), Jefferson City, for respondent.

GLENN A. NORTON, Chief Judge.

Brian Curtis (Defendant) appeals from his convictions, after a guilty plea, for five counts of violating an order of protection and one count of stalking. Because his notice of appeal is untimely, we dismiss his appeal.

In two separate criminal cause numbers, Defendant was charged with two counts of violation of an order of protection, cause number 03CR–1306, and one count of stalking and three additional counts of violation of an order of protection, cause number 03CR–1610. All of the charges are class A misdemeanors. On September 23, 2003, Defendant pleaded guilty to all six misdemeanor counts. On September 25, 2003, the trial court sentenced Defendant on all six counts. In cause number 03CR–1306, the court sentenced Defendant to one year in the Department of Justice Services and a consecutive sentence of six months in the Department of Justice Services. In cause number 03CR–1610, the court sentenced Defendant to one year in the Department of Justice Services for each count, but suspended execution of the sentence and placed Defendant on probation. On December 8, 2003, Defendant's probation was suspended and ultimately revoked on June 2, 2004.

On December 3, 2003, Defendant filed a motion to vacate, set aside, or correct his judgment pursuant to Rule 29.15. Defendant sought to have his convictions in the above two cases set aside. This proceeding was given a third cause number, 03CC–5215. On December 31, 2003, the trial court denied this motion, concluding that Rule 29.15 provides only a remedy for those convicted of felonies after a trial. In addition, Rule 24.035, which provides a remedy for those who plead guilty, only applies to felonies and persons delivered to the Missouri Department of Corrections.

After Defendant's probation was revoked, he filed a notice of appeal on June 3, 2004, in which he referenced the cause numbers 03CR–1306 and 03CR–1610. This Court issued an order stating that Defendant had not identified the judgment from which he was appealing. The order stated that he "has filed copies of numerous documents with this Court including copies of sentences entered in accordance with pleas of guilty in cause nos. 03CR–1306 and 03CR–1610 on September 25, 2003, a copy of a judgment entered on a probation revocation hearing in 03CR–1610 on June 2, 2004, and a copy of a PCR judgment entered on December 31, 2003 in 03CC–5215." We ordered Defendant to identify the judgment from which he was appealing, and, because it appeared any

appeal was untimely, to show cause why his appeal should not be dismissed. Despite numerous filings since that date, Defendant has never clearly identified which judgment he is appealing. He did, however, file a document asking this Court to dismiss all the charges against him and allow his appeal from final judgment and sentencing in cause numbers 03CR–1306 and 03CR–1610. He then made allegations of ineffective assistance of counsel and referenced the judgment in 03CC–5215. The State has also filed a motion to dismiss Defendant's appeal, contending Defendant is entitled to no relief under the post-conviction rules. Again, despite multiple filings by Defendant, he did not respond to the State's motion.

▌ Regardless of whether Defendant is appealing from his criminal convictions or the civil judgment denying his Rule 29.15 motion, Defendant's notice of appeal was untimely. As to his criminal convictions, Rule 30.01(d) provides that a notice of appeal in a criminal case is due no later than ten days after the judgment becomes final. A judgment is "final" in a criminal case when the sentence is entered. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). Here, in both cases, the trial court sentenced Defendant on September 25, 2003. Therefore, his notice of appeal from his criminal convictions was due ten days later, on Monday, October 6, 2003. Rule 30.10(d); Rule 20.01(a). Defendant filed his notice of appeal on June 3, 2004, well outside the time limits of Rule 30.01(d).

Moreover, even if his appeal was timely, Defendant does not appear to raise any issues for appellate review. Defendant pleaded guilty and in such a case, the only issues cognizable on direct appeal are the subject matter jurisdiction of the trial court and the sufficiency of the charging instrument. *State v. Klaus*, 91 S.W.3d 706 (Mo.App. E.D.2002). None of Defendant's complaints, as evidenced by his filings with the trial court and this Court, pertain to either of these issues. Therefore, even if his appeal had been timely, this Court would have had to dismiss the appeal for lack of jurisdiction on that basis. If he is attempting to appeal from the probation revocation entered on June 2, 2004, it is also not appealable. *State v. Engle*, 125 S.W.3d 344, 345 (Mo.App. E.D.2004).

To the extent Defendant's appeal pertains to the judgment denying his Rule 29.15 motion, it also appears untimely. The judgment in that case was entered on December 31, 2003. Motions filed under Rule 29.15 are governed by the rules of civil procedure. Rule 29.15(a). Under the civil rules, a notice of appeal must be filed no later than ten days after the judgment becomes final. Rule 81.04(a). In a civil case, a judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed. Rule 81.05(a)(1); *Ort v. DaimlerChrysler Corp.*, 138 S.W.3d 777, 779 (Mo.App. E.D.2004). There is nothing in the record filed by Defendant to indicate that an after-trial motion was filed. Therefore, the motion court's judgment became final on January 30, 2004 and Defendant's notice of appeal was due February 9, 2004. Defendant's notice of appeal, filed June 3, 2004, is untimely as to the PCR case. Moreover, even if Defendant's appeal were timely, the motion court's conclusions that neither Rule 29.15 nor Rule 24.035 provides a remedy for Defendant, who was convicted of misdemeanors, are not clearly erroneous. Rule 29.15(a); Rule 24.035(a).

The State's motion to dismiss is granted. The appeal is dismissed.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concur.