Precious Lee BROWN, Movant,

v.

STATE of Missouri, Respondent.

No. 26924.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 6, 2005.

Precious Lee Brown, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., & Lisa M. Kennedy, Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant, Precious Lee Brown ("Movant"), appeals the motion court's denial of his "Motion to Reopen [Rule] 27.26 Proceedings," filed January 19, 2005, raising two points of motion court error based on allegations of ineffective assistance of *post-conviction* counsel.[1] We affirm.

---

1. Following a jury trial, Movant was convicted on February 25, 1981, "of three counts of forcible rape and two counts of forcible sodomy . . .," a conviction which was affirmed by the Supreme Court of Missouri in *State v.* *Brown,* 636 S.W.2d 929, 931 (Mo. banc 1982). "On March 4, 1987, [M]ovant filed his [first] pro se motion for relief under former Rule 27.26" alleging ineffective assistance of trial counsel. The motion court denied the motion

In denying his motion, the motion court observed that unlike Rule 27.26, current Rules 29.15 and 24.035 allow for the filing of successive motions "where post[-]conviction counsel had abandoned the movant;" however, "mere claims of ineffective assistance of post[-]conviction counsel [such as Movant's] are categorically unreviewable." The motion court further set out that while "Rule 27.26 allowed successive [Rule 27.26] motions to be filed when the ground presented could not have been raised in a prior motion[,]" Movant's motion to reopen his case did not contain any new grounds that could not have been raised in the prior Rule 27.26 motion.

As best we discern from our review of Movant's first allegation of error in his *pro se* brief, Movant asserts the motion court erred in denying his motion to reopen his Rule 27.26 proceedings so as to have his *post-conviction* counsel explain why he "abandoned [Movant] and his [three] claims for relief," arising out of his appellate counsel's failure to raise in his direct appeal the inadequacy of one of the jury instructions at trial relating to the definition of what constitutes "serious physical injury;" the failure of his trial counsel to object and request a mistrial based on evidence of uncharged crimes admitted at trial; and the failure by trial counsel to raise his *Batson* claim.[2] Movant argues that such a failure by his *post-conviction counsel* amounted to "abandonment by post[-]conviction counsel," entitling him to re-open the prior Rule 27.26 proceedings to address this claim of abandonment by his post-conviction counsel as to the foregoing three issues.

At the time of Movant's conviction, "Rule 27.26 (repealed) established procedures for post-conviction review in Missouri. That rule placed no time limit on the filing of motions seeking post-conviction relief." *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991).

Appellate review of a Rule 27.26 motion is specifically limited by Rule 27.26(j) to "a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." *Gawne v. State*, 729 S.W.2d 497, 500 (Mo.App. 1987). "[C]hallenges to the effectiveness of counsel in a Rule 27.26 proceeding are not cognizable in a Rule 27.26 proceeding." *Williams v. State*, 744 S.W.2d 814, 817 (Mo.App.1987); *see also Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983) (holding that Rule 27.26 "has been specifically held to preclude an attack on the adequacy of counsel in the preparation and conduct of a prior 27.26 motion").

We note that former Rule 27.26, as well as present Rules 24.035 and 29.15, have a common purpose, which is to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of a defendant. *Schleeper v. State*, 982 S.W.2d 252, 253 (Mo. banc 1998). Rules 24.035 and 29.15 have the additional purpose of avoiding delay in the processing of prisoners' claims and prevention of the litigation of stale claims. *Id.*

and this Court affirmed that judgment on appeal. *Brown v. State*, 769 S.W.2d 839, 840 (Mo.App.1989).

"Rules 29.15 and 24.035, effective January 1, 1988, replaced Rule 27.26." *Fincher v. State*, 795 S.W.2d 505, 506 (Mo.App.1990). Rule 29.15(m), Missouri Court Rules (1988), specifically provided that Rule 27.26 applied to all proceedings wherein sentence was pronounced prior to January 1, 1988. *Id.* As Movant was sentenced in 1981, Rule 27.26 is applicable in the present matter. *See Brown*, 769 S.W.2d at 841. All rule references are to Missouri Court Rules (1981) unless otherwise specified.

**2.** *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Abandonment by counsel "may occur when post-conviction counsel takes no action on movant's behalf, so that it appears on the face of the record that movant is deprived of a meaningful review of post-conviction claims." *Morgan v. State*, 8 S.W.3d 151, 153 (Mo.App.1999) (Rule 24.035 action); *see also Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) (Rule 29.15 action). Additionally, abandonment by counsel can occur when "the record reflects that counsel has determined that there is a sound basis for amending the pro se motion but fails . . . to file the amended motion [in a timely manner] as required by Rule 29.15(f) . . . ." *Sanders v. State*, 807 S.W.2d 493, 494–95 (Mo. banc 1991).[3]

We recognize that in the context of a Rule 29.15 proceeding, the court in which an original post-conviction motion was timely filed has jurisdiction to consider a motion that seeks to reopen post-conviction proceedings to address claims of abandonment. *See State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001). Likewise, the same concept pertains to a Rule 24.035 proceeding. *Hammack v. State*, 130 S.W.3d 721, 722 (Mo. App.2004).

Here, however, Movant is not arguing that his post-conviction counsel completely failed to take any action on his behalf or otherwise failed to amend his original *pro se* motion. *See Morgan*, 8 S.W.3d at 153; *Sanders*, 807 S.W.2d at 494–95. Movant is merely arguing his counsel was ineffective for abandoning issues Movant felt should have been raised in his first post-conviction action. As set out in his Notice of Appeal,

> Movant ha[s] raised the Ground that his Post-conviction Counsel abandoned Movant by not bringing the claim of ineffective assistance of trial counsel . . . for failure to raise a Jury Instruction issue, for failure to object to the admittance of uncharged crimes at the trial, and what constitutes a Batson claim concerning jury selection.

In the instant matter, Movant's abandonment claims amount to mere claims of ineffective assistance of post-conviction counsel, which are categorically unreviewable. *Lingar v. State*, 766 S.W.2d 640, 640–41 (Mo. banc 1989); *see also Hammack*, 130 S.W.3d at 722; *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997).[4] Point denied.

In his second point, Movant alleges the motion court erred in finding Movant's motion was a successive Rule 27.26 motion, and in finding that there was no new reason for re-opening Movant's Rule 27.26 proceedings so that he could assert a claim for abandonment by post-

---

3. We note that in *Flowers v. State*, 618 S.W.2d 655, 656 (Mo. banc 1981) the movant claimed he was abandoned by his appointed counsel when his counsel *failed to perfect his appeal* from the denial of his first Rule 27.26 motion, which alleged "police beatings, refusal to allow a telephone call or access to doctor or lawyer, and failure of appointed counsel to consult with him prior to trial." The Supreme Court of Missouri held that because "[i]t was not possible for [the movant] to have raised in his [first Rule 27.26] motion the ground that his lawyer would abandon him on the appeal therefrom," the movant was entitled to "an evidentiary hearing . . . on whether [his] counsel abandoned him on appeal . . . ." *Id.* at 657 (emphasis added). As such, *Flowers* is not applicable to the present matter.

4. The instant motion court found that "a review of the files and records, including the transcript of the evidentiary hearing, reveals that counsel rendered effective assistance" to Movant and that "post[-]conviction counsel did not abandon [M]ovant." Nothing in our review of the records provided by Movant causes us to disagree with the motion court's conclusions.

conviction counsel. We need not review this point of purported motion court error at length, due to our disposition of Point One. Suffice to say, "Rule 27.26 is designed to provide a procedure, limited in scope, by which a prisoner may attack his conviction and sentence; it is not intended as a springboard for attack upon prior post-conviction proceedings." *Brauch,* 653 S.W.2d at 381; *see also Lingar,* 766 S.W.2d at 641;[5] *Neal v. State,* 569 S.W.2d 388, 389 (Mo.App.1978). Rule 27.26 is designed so that proceedings under that rule "are directed at defects which led to the original sentencing." *Usher v. State,* 741 S.W.2d 677, 678 (Mo.App.1987). "Because movant's issue on appeal is not a defect which led to the original sentencing [but rather a complaint relating to post-conviction proceedings,] it is not reviewable on appeal." *Id.* In either event, Movant's second Rule 27.26 motion did not assert any claim for abandonment as recognized by the Supreme Court of Missouri. *See Luleff,* 807 S.W.2d at 497; *Sanders,* 807 S.W.2d at 495. Point denied.

The judgment of the motion court is affirmed.

SHRUM, P.J., and GARRISON, J., concur.

---

**5.** In *Lingar,* the movant argued that his prior Rule 27.26 motion attorney was ineffective for failing "to allege two additional grounds in the amended motion ...." *Id.* at 640–41. The Supreme Court of Missouri held that a "post-conviction proceeding authorized by the rules of this Court is directed to the validity of [a movant's] conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding." *Id.* at 641.