Richard E. JOHNSON, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 64770.

Missouri Court of Appeals,
Western District.

May 2, 2006.

Richard E. Johnson, Jr., Moberly, Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn L. Naccarato, Assistant Attorney General, Jefferson City, for Respondent.

Before: EDWIN H. SMITH, C.J., and SPINDEN and HARDWICK, JJ.

EDWIN H. SMITH, Chief Judge.

Richard E. Johnson, Jr., appeals from the order of the Circuit Court of Randolph County denying, without an evidentiary hearing, his motion to reopen his Rule 24.035[1] post-conviction proceeding. On

September 5, 1995, the appellant pled guilty, in the Circuit Court of Randolph County, to one count of rape, in violation of § 566.030 (1994),[2] and was sentenced as a prior and persistent offender, §§ 558.016 and 558.019, to twenty years in the Missouri Department of Corrections. The appellant did not appeal his convictions.

On January 17, 1996, the appellant filed a timely *pro se* Rule 24.035 motion for post-conviction relief, alleging that his plea was involuntary due to ineffective assistance of trial counsel; "mental coercion" by the prosecutor; and, a "mistaken belief that a binding plea agreement had been made." An amended motion was timely filed by appointed counsel on March 18, 1996. In the appellant's amended motion, his post-conviction counsel incorporated, by reference, the appellant's *pro se* motion. In addition, counsel clarified the appellant's claims as well as alleging additional information supporting those claims.

On May 2, 1996, the motion court denied the appellant's amended motion, without an evidentiary hearing, and he appealed to this court. On appeal, the appellant did not raise a claim of abandonment by post-conviction counsel. The motion court's order, denying the appellant's Rule 24.035 motion, was affirmed by this court in *Johnson v. State*, 941 S.W.2d 827 (Mo.App. 1997).

On August 27, 2004, the appellant filed a motion to reopen his Rule 24.035 post-conviction proceeding, alleging that he was "abandoned" by his post-conviction counsel because counsel did not "investigate his post-conviction claims," and he did not "properly amend his pro se motion as required by Rule 24.035(e)." The motion

---

1. All rule references are to the Missouri Rules of Criminal Procedure, 2004, unless otherwise indicated.

2. All statutory references are to RSMo, 2000, unless otherwise indicated.

was overruled by the motion court, without an evidentiary hearing.

The appellant appeals the motion court's denial of his motion to reopen his Rule 24.035 proceeding, without an evidentiary hearing, and raises one point, claiming that the court clearly erred in denying his motion, without an evidentiary hearing. He claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen his Rule 24.035 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was "abandoned" by post-conviction counsel.

We affirm.

## Standard of Review

■■■ Appellate review of the denial of a motion to reopen post-conviction proceedings is treated the same as the appellate review of the denial of post-conviction motions, which is limited to a determination of whether the findings and conclusions of law of the motion court are clearly erroneous. *Daugherty v. State*, 159 S.W.3d 405, 407 (Mo.App.2005). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *Id.*

## I.

In his sole point on appeal, the appellant claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen his Rule 24.035 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was "abandoned" by post-conviction counsel for counsel's failure to investigate the post-conviction claims alleged in his *pro se* motion, to determine whether it asserted sufficient facts to support the claims and included all claims known to the appellant as a basis for his attacking the trial court's judgment and sentence. Specifically, he claims that the facts alleged demonstrate that he was abandoned in that they demonstrate that his post-conviction counsel, by his own admission, did not investigate his claims in filing the appellant's amended Rule 24.035 motion, but simply "incorporated by reference the conclusory allegations previously set forth in his pro se motion and two hand written letters that [the] [a]ppellant provided to appointed counsel during the course of his representation."

■■ Before we address the merits of the appellant's claim, we first must address the State's contention that we lack jurisdiction to review. In that regard, the State contends that the motion court had no jurisdiction to reopen the appellant's post-conviction proceeding, except as provided in Rule 75.01[3] and Rule 74.06,[4] and that neither rule applied to allow the motion court to consider the appellant's motion to reopen. The State contends that

3. Rule 75.01 reads, in pertinent part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

4. Rule 74.06(b) reads, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud ..., misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force."

the appellant's motion to reopen was not timely filed under either rule, having been filed over eight years after the motion court's ruling on the appellant's Rule 24.035 motion. We reject the State's contention.

Post-conviction proceedings for post-conviction relief are governed by the rules of civil procedure. Rule 24.035(a); Rule 29.15(a); *Cook v. State*, 156 S.W.3d 418, 420 (Mo.App.2005). Hence, pursuant to Rule 75.01, the trial court's jurisdiction to reopen such proceedings is normally limited to the thirty days following the court's ruling in the post-conviction proceeding. *Cook*, 156 S.W.3d at 420. However, there is an exception to this limitation, which allows the post-conviction court to reopen the proceeding to address a claim of abandonment by post-conviction counsel.[5] *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001); *Brown v. State*, 66 S.W.3d 721, 726 (Mo. banc 2002); *Mansfield v. State*, 187 S.W.3d 1, 2 n. 1 (Mo.App.2006); *Brown v. State*, 179 S.W.3d 404, 407 (Mo.App.2005); *Cook*, 156 S.W.3d at 420; *Daugherty v. State*, 116 S.W.3d 616, 617 (Mo.App.2003). Hence, even though the appellant's motion to reopen for abandonment was not filed within thirty days of the court's ruling in the post-conviction proceeding, the motion court could consider it under Rule 75.01 as an exception to the time limit of the rule.

Abandonment by post-conviction counsel, to support a motion to reopen a post-conviction proceeding, is limited to two instances only: "(1) [when] post-conviction counsel takes no action on a mov-

ant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Winfield v. State*, 93 S.W.3d 732, 738–39 (Mo. banc 2002); *see also Brown*, 179 S.W.3d at 407. Here, the appellant did not allege any facts in his motion that if true, would establish either one of the recognized forms of abandonment entitling him to an evidentiary hearing to determine if his post-conviction proceeding should be reopened.

In his brief, the appellant claims that he alleged facts in his motion to reopen demonstrating that his post-conviction counsel abandoned him by failing to investigate his post-conviction claims and by merely incorporating by reference his original *pro se* Rule 24.035 motion. In that regard, Rule 24.035(e) requires, in pertinent part, that post-conviction counsel:

shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts

---

**5.** In *Bell v. State*, 164 S.W.3d 97, 97–98 (Mo. App.2005), the Eastern District of this Court, in direct contravention of its holding in *Cook*, 156 S.W.3d at 420, decided just three months earlier, held, without any mention of *Cook*, that the defendant's failure to file his motion to reopen for abandonment, in accordance with Rule 75.01, rendered the motion untimely and subject to dismissal. Because *Bell* is in direct contravention of the Eastern District's other decisions on the matter of the time within which to file a motion to reopen post-conviction proceedings for abandonment of counsel, most notably *Cook*, and the decisions of the Supreme Court and the other Districts of the Court of Appeals, we choose to ignore it as a mere aberration in the law.

demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. Here, the record demonstrates that the appellant's post-conviction counsel complied with this mandate of the rule and did not abandon him by failing to file an amended motion or by failing to file a timely amended motion when counsel was aware that one should be filed.

The record reflects that the appellant's post-conviction counsel did, in fact, file a timely amended motion. In the motion, he alleged, *inter alia,* that:

> Other allegations could be made if movant and undersigned counsel were granted adequate time to study, review and fully investigate movant's case. Because Missouri Supreme Court Rule 24.035 does not permit adequate time to review, study and investigate, movant does not waive any allegations which are not included in this amended motion or the *pro se* motion as a result of the time restrictions imposed by Rule 24.035.

However, this paragraph does not demonstrate, as the appellant contends, that his post-conviction counsel had "admittedly" failed, altogether, to investigate his claims. Rather, what this demonstrates, alone, is that counsel did not believe that Rule 24.035 provided adequate time within which to investigate post-conviction claims such as the appellant's. And, the fact that post-conviction counsel felt that the time constraints of the rule are unworkable, as a practical matter, does not show that he failed to investigate the appellant's claims to constitute abandonment. The fact is that the record conclusively demonstrates that the appellant's post-conviction counsel did investigate the appellant's *pro se* claims, which led him to file a timely amended motion, which not only clarified the appellant's claims in his *pro se* motion,

but alleged additional information in support thereof.

The appellant also contends in his brief that the facts of his motion established that his post-conviction counsel abandoned him by simply incorporating his *pro se* motion in the amended motion. This, of course, is not what happened. The record conclusively demonstrates that his post-conviction counsel complied with Rule 24.035(g) because he timely filed an amended motion that alleged additional facts to support the appellant's claims and clarified the appellant's legal arguments. In any event, incorporation of the appellant's *pro se* motion in the amended motion does not establish that the appellant's post-conviction counsel abandoned him. While Rule 24.035(g) does mandate that the "amended motion shall not incorporate by reference material contained in any previously filed motion," the purpose of this mandate is simply "to ensure that the motion court will not have to search for documents that are not immediately at hand," and if that purpose is met, the incorporation by reference would not constitute abandonment. *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. *banc* 1999). To constitute abandonment, sufficient to re-open a post-conviction proceeding, the incorporation of the *pro se* motion would have to show that this was in lieu of the requirements of Rule 24.035(e). The timely filing of the amended post-conviction motion not only incorporated the appellant's *pro se* motion, but also alleged additional facts in support of the appellant's claims and clarified his legal arguments, conclusively demonstrating that the appellant's post-conviction counsel did not abandon him.

■■ When stripped of the fact that the appellant's counsel did not simply re-file the appellant's *pro se* motion in complying with the mandate of Rule 24.035(e),

the appellant's claim is simply one of ineffective assistance of post-conviction counsel, which is not cognizable on appeal. *Winfield,* 93 S.W.3d at 738. Because there is no recognized constitutional right to counsel in a post-conviction proceeding, a post-conviction movant has no right to effective assistance of counsel. *Id.* As such, claims of ineffective assistance of post-conviction counsel do not constitute abandonment, entitling the movant to reopen his Rule 24.035 proceeding. *Id.; Brown,* 179 S.W.3d at 407. Hence, the appellant's motion to reopen does not allege facts necessary to establish abandonment of counsel such that the motion court was justified in denying his motion to reopen his Rule 24.035 motion on that basis, without an evidentiary hearing.

Point denied.

### Conclusion

The order of the motion court denying, without an evidentiary hearing, the appellant's motion to reopen his Rule 24.035 post-conviction proceeding, is affirmed.

SPINDEN and HARDWICK, JJ., concur.