**Gary D. EDGINGTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65298.**

Missouri Court of Appeals,
Western District.

May 2, 2006.

Gary D. Edgington, Jefferson City, Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Assistant Attorney General, Jefferson City, for Respondent.

Before EDWIN H. SMITH, C.J., and NEWTON and HARDWICK, JJ.

EDWIN H. SMITH, Chief Judge.

Gary D. Edgington appeals from the order of the Circuit Court of Cass County denying, without an evidentiary hearing, his motion to reopen his Rule 29.15[1] post-conviction proceeding. The appellant was convicted, after a jury trial, in the Circuit Court of Cass County, of second-degree murder, in violation of § 565.021,[2] and armed criminal action (ACA), in violation of § 571.015, and was sentenced to concurrent prison sentences of thirty years in the Missouri Department of Corrections. He appealed his convictions to this court, which were affirmed in *State v. Edgington*, No. WD 55171, 39 S.W.3d 108, Mem. Op.

---

**1.** All rule references are to the Missouri Rules of Criminal Procedure, 2004, unless otherwise indicated.

**2.** All statutory references are to RSMo, 2000, unless otherwise indicated.

(Mo.App., Feb. 2, 1999). On his direct appeal, the appellant was represented by appointed counsel from the Jackson County Public Defender's Office.

After his convictions were affirmed by this court, the appellant filed a timely *pro se* Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of trial counsel. An amended motion was timely filed by appointed counsel, who was from the same public defender's office as the appellant's appellate counsel. In the appellant's amended motion, his post-conviction counsel alleged several grounds of ineffective assistance of trial counsel. The appellant's amended motion was denied, after an evidentiary hearing, and he appealed to this court. On appeal, the appellant did not raise a claim of abandonment by post-conviction counsel. The motion court's order, denying the appellant's Rule 29.15 motion, was affirmed by this court in *Edgington v. State*, 98 S.W.3d 98 (Mo.App. 2003).

On December 6, 2004, the appellant filed a motion to reopen his Rule 29.15 post-conviction proceeding, alleging two grounds, that: (1) a conflict of interest existed between his appellate counsel and his post-conviction counsel because they were both from the Jackson County Public Defender's Office and worked in the same office building; and, (2) he was "abandoned" by his post-conviction counsel because she did not raise four claims that he alleged in his original *pro se* Rule 29.15 motion for post-conviction relief.[3] The motion was overruled, without an evidentiary hearing, as to both grounds.

The appellant appeals the motion court's denial of his motion to reopen his Rule 29.15 proceeding and raises two points, claiming that the court clearly erred in denying his motion, without an evidentiary hearing, as to both grounds alleged in his motion. In Point I, the appellant claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen his Rule 29.15 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was abandoned by post-conviction counsel due to a conflict of interest that existed between his appellate counsel and post-conviction counsel, resulting in prejudice to the appellant. In Point II, he claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen his Rule 29.15 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was "abandoned" by post-conviction counsel for failure to raise a meritorious claim of ineffective assistance of appellate counsel.

We affirm.

### Standard of Review

■ Appellate review of the denial of a motion to reopen post-conviction proceedings is treated the same as the appellate review of the denial of post-conviction motions, which is limited to a determination of whether the findings and conclusions of law of the motion court are clearly erroneous. *Daugherty v. State*, 159 S.W.3d 405, 407 (Mo.App.2005). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *Id.*

### I.

■ In Point I, the appellant claims that the motion court clearly erred in de-

**3.** The appellant had previously filed a motion to reopen on March 5, 2004, which was overruled. He attempted to appeal to this court, but his appeal was dismissed for lack of a final and appealable judgment. He then filed the motion from which he now appeals.

nying, without an evidentiary hearing, his motion to reopen his Rule 29.15 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was abandoned by post-conviction counsel due to a conflict of interest that existed between his appellate counsel and post-conviction counsel, resulting in prejudice to the appellant. Specifically, he claims that his motion alleged facts establishing that he was abandoned by post-conviction counsel, due to a conflict of interest that existed between his post-conviction counsel and appellate counsel, because they were from the same public defender office, in that due to this alleged conflict of interest, his post-conviction counsel failed to raise a meritorious claim of ineffective assistance of appellate counsel.

Rule 29.15 proceedings for post-conviction relief are governed by the rules of civil procedure. Rule 29.15(a); *Cook v. State*, 156 S.W.3d 418, 420 (Mo.App.2005). Hence, pursuant to Rule 75.01, the trial court's jurisdiction to reopen such proceedings is limited to the thirty days following the court's ruling in the post-conviction proceeding. *Cook*, 156 S.W.3d at 420. The only exception to this limitation is the exception that allows the post-conviction court to reopen the proceeding to address a claim of abandonment by post-conviction counsel.[4] *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001); *Brown v. State*, 66 S.W.3d 721, 726 n. 2 (Mo. banc 2002); *Mansfield v. State*, 187 S.W.3d 1, 2 n. 1 (Mo.App.2006); *Brown v.*

*State*, 179 S.W.3d 404, 407 (Mo.App.2005); *Cook*, 156 S.W.3d at 420; *Daugherty*, 116 S.W.3d 616, 617 (Mo.App.2003). Abandonment by post-conviction counsel, to support a motion to reopen, is limited to two instances only: "(1) [when] post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Winfield v. State*, 93 S.W.3d 732, 738–39 (Mo. banc 2002); *see also Brown*, 179 S.W.3d at 407.

In alleging, as a basis for reopening his Rule 29.15 proceeding, that a conflict of interest existed between his appellate and post-conviction counsel, because they were appointed from the same public defender office, the appellant did not allege any facts demonstrating that even if such a conflict existed, that it would constitute "abandonment," as defined by our appellate courts as a permissible basis for reopening a post-conviction proceeding. In that regard, the record conclusively establishes that post-conviction counsel did, in fact, file a timely amended motion, raising five grounds or bases for his claim of ineffective assistance of trial counsel. The appellant contends that post-conviction counsel was deficient for failing to raise an additional claim of ineffective assistance of appellate counsel and that such failure was due to the alleged conflict that existed between appellate and post-conviction

4. In *Bell v. State*, 164 S.W.3d 97, 97–98 (Mo. App.2005), the Eastern District of this Court, in direct contravention of its holding in *Cook*, 156 S.W.3d at 420, decided just three months earlier, held, without any mention of *Cook*, that the defendant's failure to file his motion to reopen for abandonment, in accordance with Rule 75.01, rendered the motion untimely and subject to dismissal. Because *Bell* is in direct contravention of the Eastern District's other decisions on the matter of the time within which to file a motion to reopen post-conviction proceedings for abandonment of counsel, most notably *Cook*, and the decisions of the Supreme Court and the other Districts of the Court of Appeals, we choose to ignore it as a mere aberration in the law.

counsel. Thus, his motion to reopen, on the basis that a conflict of interest existed between appellate and post-conviction counsel, is essentially a motion claiming ineffective assistance of post-conviction counsel.

Because there is no recognized constitutional right to counsel in a post-conviction proceeding, "a post-conviction movant has no right to effective assistance of counsel." *Winfield,* 93 S.W.3d at 738. As such, a claim of ineffective assistance of post-conviction counsel, for failure to raise an additional claim in an amended motion that is timely filed, does not constitute a basis for abandonment, entitling the movant to reopen his Rule 29.15 proceeding. *Id.; Brown,* 179 S.W.3d at 407. As such, the appellant's motion to reopen, with respect to an alleged conflict of interest between appellate and post-conviction counsel, does not allege facts necessary to establish abandonment of counsel such that the motion court was justified in denying his motion to reopen his Rule 29.15 motion on that basis, without an evidentiary hearing.

## II.

In Point II, the appellant claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen his Rule 29.15 post-conviction proceeding because it alleged facts, not conclusions, which were not refuted by the record and files in the case, and if true, established that he was "abandoned" by post-conviction counsel. Specifically, he claims that his motion alleged facts establishing that he was abandoned by post-conviction counsel in that she failed to raise, in the appellant's amended Rule 29.15 motion, the additional ground of ineffective assistance of appellate counsel.

In alleging that he was abandoned by post-conviction counsel, for her failure to raise in the appellant's amended Rule 29.15 motion a claim of ineffective assistance of appellate counsel, the appellant is simply re-packaging his other alleged ground for reopening his Rule 29.15 proceeding, the alleged conflict of interest between his appellate and post-conviction counsel. The only difference being that with respect to the conflict-of-interest basis, he alleges that it was this alleged conflict that caused or motivated his post-conviction counsel not to allege his claim of ineffective assistance of appellate counsel. In any event, it is clear that the appellant's motion to reopen does not allege any facts that his post-conviction counsel abandoned him in the required manner to warrant the reopening of his Rule 29.15 proceeding. He did not allege facts establishing, as required to reopen for abandonment, that either post-conviction counsel failed to file an amended motion or that he did not file it in a timely manner. *Winfield,* 93 S.W.3d at 738–39. And, in fact, the record conclusively shows otherwise. All he alleged in his motion to reopen are facts that his post-conviction counsel failed to include, in the appellant's amended motion, a claim of ineffective assistance of appellate counsel, which amounts to nothing more than a claim of ineffective assistance of post-conviction counsel, which is insufficient, as a matter of law, as a basis for reopening his Rule 29.15 proceeding for abandonment. *Brown,* 179 S.W.3d at 407.

Point denied.

## Conclusion

The order of the motion court denying, without an evidentiary hearing, the appellant's motion to reopen his Rule 29.15 post-conviction proceeding, is affirmed.

NEWTON and HARDWICK, JJ., concur.