Anthony SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 66129.

Missouri Court of Appeals, Western District.

March 6, 2007.

---

4. The correct citation is 33 S.W.3d 625.

Anthony Smith, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Jayne T. Woods, Office of Atty. Gen., Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Anthony Smith appeals the denial of his motion to reopen his original Rule 29.15 post conviction motion on the ground that the motion court lacked jurisdiction to hear the case. He contends that his original post-conviction counsel abandoned him by failing to include a claim in his amended Rule 29.15 motion. Because the claimed action of counsel does not legally constitute abandonment under Missouri law, the motion court properly denied his motion. Judgment affirmed.

## Facts

Anthony Smith ("Smith") was convicted of first-degree robbery and armed criminal action. He was denied post-conviction relief in 1996. Subsequently his conviction and appeal from his post-conviction relief denial were affirmed. In the motion now at issue, he seeks to have his post-conviction proceeding reopened. Smith claims that, although his post-conviction counsel filed an amended Rule 29.15 motion, he was "abandoned" by counsel because of her failure to assert a particular claim. The motion court denied relief under Rule 75.01 and refused to reopen his post-conviction proceeding on the basis of abandonment. Smith appeals these rulings.

## Smith Not Entitled to Relief under Rule 75.01

Smith first contends that he is entitled to relief under Rule 75.01, which permits the court to re-open its judgment. That power is limited, however, to thirty days after judgment is entered. This time limit applies to a request to re-open Rule 29.15 proceedings. *Johnson v. State*, 189 S.W.3d 698, 701 (Mo.App. W.D.2006). Smith did not file his motion within 30 days of judgment and the original motion court lost jurisdiction after that time. *Id.*

Point denied.

## Smith Was Not Abandoned by Post–Conviction Counsel

Smith next claims that he is entitled to re-open his post-conviction proceeding because he was abandoned by counsel who failed to include a claim he asserts should have been included in the amended

motion. We have held that the court does have jurisdiction to re-open the case if the movant is abandoned. *Id.* The motion court's finding that he was not abandoned is not clearly erroneous. Abandonment sufficient to give the court jurisdiction is limited to two circumstances: (1) failure of counsel to take any action to prepare an amended motion and (2) failure to file timely amended motion when counsel is aware of the need to do so. *Id.* Movant has not plead or proved abandonment of this type. Point denied.

The judgment is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.