Paul M. WISE, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27766.

Missouri Court of Appeals,
Southern District,
Division Two.

April 5, 2007.

Rosalynn Koch, of Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Judge.

Paul M. Wise ("Movant") appeals the denial of his Rule 24.035 [1] motion for post-conviction relief. Because we lack jurisdiction to hear his appeal, it must be dismissed.

## 1) *Procedural Background*

In August of 1997, Movant pleaded guilty to two counts of felonious restraint, in violation of § 565.120,[2] and was sentenced to seven years in the Missouri Department of Corrections on each count, to be served consecutively. Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed counsel, and an amended motion was thereafter filed. After giving Movant an opportunity to show cause why it should not be dismissed, the motion court dismissed Movant's amended motion for post-conviction relief in August of 1999, for failure to prosecute ("1999 Order").

Movant took no action in response to the dismissal of his motion until January of 2002, when the docket sheet reflects he filed a motion to reinstate cause or alternatively to set the matter for an evidentiary hearing. However, that motion is not included in the record on appeal. After giving Movant an opportunity to be heard, the motion court denied the motion to reinstate on April 19, 2002 ("2002 Order").

Movant took no other action in this matter until September of 2003, when he filed suggestions in support of need for evidentiary hearing prior to the issuing of findings of fact and conclusions of law. The contents of these suggestions are not included in the record on appeal. The motion court sustained Movant's request without objection by the State.

An evidentiary hearing on Movant's amended post-conviction motion was held by the motion court on September 30, 2005. The motion court entered findings of fact and conclusions of law denying the motion on March 15, 2006 ("2006 Order"). On June 8, 2006, Movant timely filed his notice of appeal of the 2006 Order.[3]

## 2) *Jurisdictional Analysis*

In Respondent's brief the State contends the motion court lost jurisdiction to take any further action on Movant's amended post-conviction motion after its

---

1. All references to Rules are to the Missouri Supreme Court Rules (1997), unless otherwise indicated.

2. All references to statutes are to RSMo 1994, unless otherwise indicated.

3. Movant timely filed with this court a motion for a special order allowing the late filing of a notice of appeal pursuant to Rule 81.07(a) (2006). We granted Movant's motion and issued an order on June 7, 2006, allowing Movant to file an appeal within ten days of the order. Movant properly filed his appeal on June 8.

dismissal by the 1999 Order and Movant's failure to take any timely action to challenge that order. The State further reasons that if the trial court lost jurisdiction to take any further action on Movant's motion, then we do not have jurisdiction to hear his appeal of the 2006 Order. Movant had the opportunity to respond to this contention by filing a reply brief, but chose not to do so.

■ "The scope of a trial court's subject matter jurisdiction is a question of law which we review *de novo*." *Simmons v. State*, 190 S.W.3d 558, 560 (Mo.App.2006); *Mansfield v. State*, 187 S.W.3d 1, 2 (Mo. App.2006).

■ Motions for post-conviction relief are governed by the Missouri rules of civil procedure "insofar as applicable." Rule 24.035(a); *see also Cook v. State*, 156 S.W.3d 418, 420 (Mo.App.2005). Rules 75.01, 81.04(a), and 81.05(a) are applicable to motions filed pursuant to Rule 24.035. *Thomas v. State*, 180 S.W.3d 50, 54 (Mo. App.2005); *Wilson v. State*, 177 S.W.3d 852, 854 (Mo.App.2005). Thus, under Rule 75.01, the trial court retains jurisdiction over a judgment on a motion for post-conviction relief for thirty days after entry of judgment. Rule 81.05(a) extends the jurisdiction of the motion court to dispose of a timely filed after-trial motion. *State v.Curtis*, 171 S.W.3d 763, 765 (Mo.App. 2005); *Ort v. DaimlerChrysler Corp.*, 138 S.W.3d 777, 779 (Mo.App.2004). When the trial court's jurisdiction over the judgment expires either by the expiration of the thirty days under Rule 75.01 or the time period for ruling on a timely filed after-trial motion under Rule 81.05(a), the judgment becomes final. *Curtis*, 171 S.W.3d at 765; *Swiney v. State*, 27 S.W.3d 498, 499 (Mo.App.2000). Any notice of appeal must be filed within ten days after the judgment becomes final. Rule 81.04(a).

■ Thus, the motion court's authority to reopen and reconsider a motion for post-conviction relief ends when its jurisdiction expires. *Cook*, 156 S.W.3d at 420. There is a narrow exception to this rule which allows the motion court to reopen the proceeding in order to address a claim of abandonment by post-conviction counsel. *Johnson v. State*, 189 S.W.3d 698, 701 (Mo.App.2006).

■ We also note that the requirement of Rule 74.01(a), that an order be denominated as a "judgment" or "decree," is not applicable in the context of the disposition of a motion for post-conviction relief, because Rule 24.035(k) provides that an "*order* sustaining or overruling a motion filed under the provisions of this Rule 24.035 shall be deemed a final *judgment* for purposes of appeal by the movant or the state." (Emphasis added). *See State v. Reber*, 976 S.W.2d 450, 451 (Mo. banc 1998) (application of the denomination requirement of Rule 74.01(a) runs counter to the purposes of Rules 29.15 and 24.035 and is, therefore, not applicable).

■ In the case at bar, the motion court's 1999 Order dismissed Movant's amended motion for post-conviction relief for failure to prosecute. This order was made by a handwritten docket entry initialed by the judge.[4] At the time it was entered, it met all the requirements of a judgment under Rule 74.01 (1999), except the denomination requirement, which is not applicable in this context. Rule 74.01 (1999); Rule 24.035(k) (1999); *Reber*, 976

---

4. The signature requirement of Rule 74.01 has been held to apply to Rule 24.035 motions. *See Elam v. State*, 210 S.W.3d 216 (Mo.App.2006); *Scott v. State*, 180 S.W.3d 519 (Mo.App.2006). The handwritten initials of a judge satisfy the signature requirement. *Grissum v. Soldi*, 87 S.W.3d 915, 917 (Mo. App.2002).

S.W.2d at 451. The 1999 Order effectively overruled Movant's motion and, as such, was a judgment. Rule 24.035(k) (1999). Under Rule 75.01 (1999), if a party takes no action within thirty days after entry of judgment, then the motion court loses jurisdiction to re-open the proceedings. *Johnson*, 189 S.W.3d at 701. The record before us is clear—after the entry of the 1999 Order, Movant took no action within the thirty-day period immediately thereafter. Therefore, the lower court lost jurisdiction to reopen the proceedings thereafter except for a claim alleging abandonment by post-conviction counsel. *Id.* Movant did not timely appeal the 1999 Order. Rule 81.04(a).

Movant next filed a motion to reinstate cause on January 31, 2002. The record on appeal provides no indication as to whether or not Movant raised an abandonment of post-conviction counsel claim in this motion. Regardless, however, in either case, we are without jurisdiction to hear this matter.

If Movant's motion to reinstate cause raised a claim of abandonment, then the motion court ruled on that issue in its 2002 Order. This order was made by a handwritten docket entry signed by the judge denying the motion to reinstate. Thus, under Rule 75.01 (2002), the motion court again lost jurisdiction over the matter after thirty days had passed after the entry of the 2002 Order without Movant taking any action. *Cook*, 156 S.W.3d at 420. Movant did not timely appeal this order. Rule 81.04(a) (2002). Thereafter, the motion court had no jurisdiction to later hold a hearing and enter the 2006 Order denying Movant's amended motion for post-conviction relief. Rule 75.01 (2002); *Bell v. State*, 164 S.W.3d 97–8 (Mo.App.2005). Consequently, the 2006 Order was void. *Floyd v. Director of Revenue*, 140 S.W.3d 165, 167 (Mo.App.2004).

On the other hand, if Movant did not raise a claim of abandonment of post-conviction counsel in his 2002 motion to reinstate cause, then the motion court was without jurisdiction to hear the motion to reinstate because its jurisdiction had expired thirty days after the entry of the 1999 Order. Rule 75.01 (1999); *Cook*, 156 S.W.3d at 420. As such, any further hearings, rulings, or orders of the motion court held or entered thereafter, including the 2002 Order and the 2006 Order, were made without subject matter jurisdiction and thereby were null and void. *Floyd*, 140 S.W.3d at 167.

Our jurisdiction is derivative of the motion court's jurisdiction. *Shelton v. Shelton*, 201 S.W.3d 576, 579 (Mo.App. 2006). Because the motion court lacked jurisdiction to enter the 2006 Order, we lack jurisdiction to review it and cannot take any action other than to dismiss the appeal. *Id.*

### 3) *Decision*

The appeal is dismissed.

GARRISON and BARNEY, JJ., concur.